OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
As we have many times declared, classifications made by taxing statutes do not require precise, scientific uniformity, are presumed constitutional, and will be upheld if rationally related to a legitimate governmental purpose and though uneven in application are not palpably arbitrary (Trump v Chu, 65 NY2d 20; Foss v City of Rochester, 65 NY2d 247; Matter of Long Is. Light. Co. v State Tax Commn., 45 NY2d 529).
*838 Here there can be no question that the differentiation between owners of one-, two- and three-family residences and other property owners is rationally related to a legitimate governmental purpose. As noted in the sponsor’s memorandum and in the Governor’s approval message, prior to enactment of title 1-A of the Real Property Tax Law the procedure for review of tax assessments was so complex and expensive as to be prohibitive for the owners of such properties, thus imposing upon them an undue burden (1981 NY Legis Ann, at 528-529).
Nor can it be said that the classification results in a differentiation that is arbitrary. It establishes a small claims procedure which is limited to those seeking a reduction not in excess of $750 (RPTL 730 [1]), and while it provides for the preparation by the State Board of Equalization and Assessment of a residential assessment ratio (RPTL 738) which is not used in other than small claims review proceedings, the same data may be presented by taxpayers involved in such other proceedings. Just as the restriction in Matter of Colt Indus. v Finance Administrator (54 NY2d 533) based on population and geographic area was not violative of equal protection, so also the differentiation between the owners of one-, two- and three-family residential property and other property owners is not. The fact that some of those others will be owners of multiple residences for more than three families rather than commercial property does not require a different conclusion, for plaintiffs have not shown that the Legislature could not properly conclude that the difference in return from such properties warranted exclusion of them from the small claims procedure.
Plaintiffs’ remaining contentions relate to the requirement of RPTL 305 (2) that "[a]ll real property in each assessing unit shall be assessed at a uniform percentage of value”. This provision, they argue, bars classification except as to an assessing unit which has adopted RPTL article 19 under which varying rates within an assessing unit are permissible. The short answer is that the small claims procedure which contemplates the possibility of a correction in assessment (RPTL 733 [2]), not rates (and, incidentally, makes clear that the small claims procedure has no precedential value [RPTL 735]), is not in conflict with the town’s article 19 option. Quite evidently the Legislature did not intend to make a property owner’s use of the small claims procedure turn on whether the assessing unit had so opted (cf. Matter of Farash v Jacobs, *839 120 Misc 2d 284, 288-289), for that could result in complete frustration of its purpose in enacting that procedure.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed, with costs, in a memorandum.