OPINION OF THE COURT
Simons, J.
The issue on appeal is whether a residence containing a professional office, used on occasion to render psychiatric services, is "used exclusively for residential purposes” thereby qualifying for small claims assessment review pursuant to RPTL 730. We hold that it is. Accordingly, we reverse the Appellate Division order and dismiss the petition.
Respondents Charles Kaufmann and Joan Zoldessy are owners of a single-family residence within the Town of New Castle. The structure was occupied solely as a home until 1986 when, with the permission of the Town Planning Board, respondents remodeled part of it as an office to be used by Kaufmann for the practice of psychiatry. The office consists of approximately 356 square feet, or 17.5% of the gross floor space of the first floor of the residence.
In July 1986, respondents filed a complaint with the Town’s Board of Assessment Review alleging that the assessed valuation of their residence for real property tax purposes for the 1986/1987 tax year was excessive, unequal and illegal. After their complaint was denied, respondents commenced a proceeding pursuant to RPTL 730 which provides a simplified tax assessment review procedure to owners of "a one, two or three family owner-occupied structure used exclusively for residential purposes” (RPTL 730 [1]). At the hearing, the Town opposed respondents’ right to maintain the small claims review procedure, contending that a residence containing a *686 professional office was not "used exclusively for residential purposes” and does not qualify for small claims assessment review as a matter of law. The Hearing Officer determined that respondents were qualified for small claims review, finding that respondent Kaufmann had established "a ten hour practice from his home”, and, based on the evidence of excessiveness and inequality submitted by respondents, he reduced the assessed valuation.
Thereafter, the Town commenced this CPLR article 78 proceeding seeking to vacate and annul the Hearing Officer’s determination. In its petition, the Town renewed its contention that respondents were not entitled to a small claims assessment review because their residence was not used exclusively for residential purposes, but rather a "substantial portion” of the premises was used as a professional office for the practice of psychiatry. Supreme Court granted the Town’s petition. It construed the statute strictly, holding that "the language * * * [used] 'exclusively for residential purposes’ must be read to shut out premises having any other uses”. The Appellate Division affirmed. We granted leave to appeal and now reverse.
Generally, statutes are to be construed according to the ordinary meaning of their words when the language is unambiguous and its meaning unequivocal (Sega v State of New York, 60 NY2d 183, 190-191). When such a construction would thwart the settled purposes of the statute, however, literal and narrow interpretations should be avoided (see, e.g., Association of Bar v Lewisohn, 34 NY2d 143, 153; People ex rel. Watchtower Bible & Tract Socy. v Haring, 8 NY2d 350, 358). A review of the history of RPTL 730 indicates that a narrow construction of the disputed language in this case would deny expedited and inexpensive review to homeowners and thus frustrate the statutory objectives.
Prior to the enactment of RPTL 730, residential taxpayers who sought review of real property tax assessments were required to commence a formal tax certiorari proceeding in Supreme Court pursuant to RPTL article 7. Such proceedings were so "complex and expensive as to be prohibitive for the owners of [residential] properties, thus imposing upon them an undue burden” (Town of Tonawanda v Ayler, 68 NY2d 836, 838). The Legislature enacted section 730 to cure this inequity and protect the wrongfully assessed homeowner by affording speedy and inexpensive relief to such persons through a simplified review procedure (see, Governor’s Mem, Bill Jacket, *687 L 1981, ch 1022, 1981 NY Legis Ann, at 528; see also, RPTL 732 [2] [small claims assessment review hearing procedures]).
Although section 730 (1) (a) was amended in 1982 to clarify that small claims assessment review is available only to properties "used exclusively for residential purposes” (L 1982, ch 531), the Legislature did not intend that any nonresidential uses would disqualify a structure from eligibility. Rather, the legislative history establishes that the amendment was meant to clarify that mixed-use structures were precluded from the simplified procedure, without altering the structure and intent of the existing law (see, Bill Mem, Bill Jacket, L 1982, ch 531; letter of State Board of Equalization and Assessment, id.; cf., Budget Report on Bills, id. ["used exclusively” language intended to eliminate from eligibility residences located above storefronts that traditionally had been classified as residential]). Moreover, the State Division of Equalization and Assessment, which is responsible for effectuating the State’s assessment policies, has taken the position that although regular nonresidential use of property would disqualify a homeowner from taking advantage of RPTL 730, occasional or incidental use of property for nonresidential purposes will not disqualify the homeowner from small claims assessment review (opn letter to Senator Skelos [dated Feb. 13, 1986]). To ignore this history and narrowly construe the provision contravenes the primary purposes of RPTL 730. Residential taxpayers who occasionally use a portion of their home for business are no more able to expend the time and cost of a regular tax certiorari proceeding than homeowners who use their dwelling exclusively for residential purposes, and should be entitled to a small claims assessment review.
In this case, the record establishes that respondents’ business use of their home was occasional and incidental to its residential purpose. Specifically, in the seven-month period prior to this proceeding, respondents’ total business use of their home amounted to merely 10 hours. The 1982 amendment manifestly did not contemplate denial of access to the simplified assessment procedure based on such incidental use and respondents are eligible for small claims assessment review.
Accordingly, the order of the Appellate Division should be reversed and the petition dismissed.
*688 Chief Judge Wachtler and Judges Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and petition dismissed.