■ In the Matter of KENNETH SAUER et al., Respondents, v BOARD OF ASSESSORS et al., Appellants. [598 NYS2d 557] —In a proceeding pursuant to CPLR article 78 to review a determination of a Hearing Officer at a Small Claims Assessment Review Proceeding dated June 26, 1990, the appeal is from an order of the Supreme Court, Nassau County (Roberto, J.), entered March 21, 1991, which annulled the determination and remitted the matter to the Hearing Officer to render a new determination.

Ordered that on the court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The petitioners, Kenneth Sauer and Diana Sauer, are the owners of real property located at 25 Centre Street in the Village of Lynbrook (hereinafter the Village). The property was improved with a single family owner-occupied residence as of January 1, 1990. On February 5, 1990, the petitioners filed a grievance application with the appellants, the Board of

Assessors and the Board of Assessment Review of the Village of Lynbrook to reduce their assessment from $45,200 to approximately $33,900. The grievance was denied.

Thereafter, the petitioners filed a petition for a Small Claims Assessment Review. At the hearing, the petitioners offered a recent appraisal as well as proof of the Residential Assessment Ratio (hereinafter RAR) established by the New York State Board of Equalization and Assessment for the Village's 1990 tax year. The Board of Assessors contended that the RAR was not applicable to residential property located in the Village and that the State Equalization Rate (hereinafter SER) was the proper ratio to be applied. The appellants also introduced into evidence four unadjusted sales of residential property as proof of value. The Hearing Officer agreed with the appellants that the SER was the applicable ratio, since the Village had not opted to be assessed by the County pursuant to RPTL 1402 (3). Upon applying the SER, the Hearing Officer found that no change in the assessed value of the property was warranted.

The petitioners subsequently commenced the instant proceeding to review the Hearing Officer's determination. The Supreme Court annulled the determination and remitted the matter to the Hearing Officer to render a new determination, with discretion to hold a new hearing. We affirm.

RPTL 732 (2) charges the Hearing Officer with the duty to "consider the best evidence * * * in each particular case" and provides further that "[s]uch evidence may include, but shall not be limited to, the most recent equalization rate established for such assessing unit, the residential assessment ratio promulgated by the state board * * * and the assessment of comparable residential properties within the same assessing unit". Among other things, this section is plainly intended to provide the Hearing Officer with discretion to consider a wide variety of sources and information in evaluating assessments. Contrary to the Hearing Officer's conclusion, the provision in RPTL 732 (2) that a Village which elects to be assessed by the County pursuant to RPTL 1402 (3) is "deemed an assessing unit for purposes of this subdivision" in no way precludes the consideration of the RAR where, as here, the Village has not so opted. "The Legislature did not intend to make a property owner's use of the small claims procedure turn on" such classification decisions by the Village, as that could "result in complete frustration" of the purpose of the small claims procedures (Town of Tonawanda v Ayler, 68 NY2d 836, 838). Those procedures were enacted to afford "speedy and inexpen-

sive relief" to *all* wrongfully assessed homeowners *(see, Matter of Town of New Castle v Kaufmann,* 72 NY2d 684, 686). Accordingly, the court properly directed the Hearing Officer to consider the RAR, in addition to the other relevant evidence, and render a new decision. Sullivan, J. P., Balletta, Lawrence and Joy, JJ., concur.