■ In the Matter of RUDOLPH J. MEOLA et al., Appellants, v ASSESSOR OF THE TOWN OF COLONIE et al., Respondents. [615 NYS2d 506] —White, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered April 30, 1993 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* review a determination by a Small Claims Assessment Review Hearing Officer upholding petitioners' real property tax assessment.

Although respondent Town of Colonie Board of Assessment Review reduced petitioners' 1992-1993 assessment on their single-family residence located on Maria Drive in the Town of Colonie, Albany County, from $8,400 to $6,800, petitioners commenced a proceeding under the small claims assessment review procedure (RPTL art 7, tit 1-A) seeking a further reduction to $5,000. At the hearing petitioners, in support of their claim that their assessment was unequal and should be reduced to $5,317, offered, *inter alia,* proof that they purchased their home on April 27, 1992 for $130,000 and that the "residential assessment ratio" (hereinafter RAR) established by the State Board of Equalization and Assessment for the Town of Colonie for the 1992 tax year was 4.09%. Respondents' proof consisted of a comparison grid sheet showing that petitioners' residence and four other similar residences on Maria Drive were all assessed at $6,800. The Small Claims Assessment Review Hearing Officer disregarded the RAR on the basis that it "is not concurrent with '92 purchase price

and circumstances influencing purchase price are unknown". He then concluded that no change in petitioners' assessment was warranted since the assessment on their residence and those on the other residences on Maria Drive were equal. Petitioners then initiated this CPLR article 78 proceeding challenging the Hearing Officer's determination. Supreme Court dismissed the petition giving rise to this appeal. We affirm.

The Legislature enacted title 1-A of RPTL article 7 to afford "speedy and inexpensive relief" to wrongfully assessed homeowners through a simplified review procedure (*Matter of Town of New Castle v Kaufmann*, 72 NY2d 684, 686). To this end, RPTL 732 (2) provides that the hearings shall be conducted on an informal basis so as to do substantial justice between the parties and vests the Hearing Officer with discretion to consider a wide variety of sources and information in evaluating assessments (*see, Matter of Sauer v Board of Assessors*, 194 AD2d 542, 543). When a Hearing Officer's determination is challenged, the court's role is limited to ascertaining whether the determination has a rational basis (*see, Matter of Bellomo v Board of Assessment Review*, 185 AD2d 574, 575, *lv denied* 80 NY2d 761).

Inasmuch as RPTL 732 (2) specifically authorizes the Hearing Officer to consider assessments of comparable residential properties, and as respondents' comparison data included the purchase price as well as lot size, style of house, square footage, type of construction and amenities of the comparable properties on Maria Drive, we find that respondents' proof of assessments of comparable properties provided a rational basis for the Hearing Officer's determination. Petitioners' arguments to the contrary lack substance since they are predicated upon cases that involve traditional tax certiorari proceedings in which the rules of evidence are more restrictive than in a small claims assessment review proceeding (*see, Guth Realty v Gingold*, 34 NY2d 440; *Matter of Wolf v Assessors of Town of Hanover*, 308 NY 416). Petitioners' additional argument that the Hearing Officer was compelled to accept the RAR is also unavailing given his broad discretion in considering evidence. Lastly, contrary to petitioners' assertion, the Hearing Officer was not obligated to recuse himself inasmuch as his status as a judgment debtor of one of the clients of petitioner Rudolph J. Meola's law firm does not constitute a conflict of interest within the meaning of the Public Officers Law (*see*, Public Officers Law § 74 [2]).

Mercure, J. P., Casey, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.