*285 OPINION OF THE COURT
David W. Fryer, J.
The plaintiff filed a small claims petition dated September 20, 1999 in the Town of Schodack alleging damages for past due water bills due the same and for failure of defendant to allow Village personnel to inspect the involved water meters. In response, the defendant filed a counterclaim, by way of his various requests, alleging improper billing and procedural methods by the Village.
The matter was transferred to this court via an order from the Honorable Patrick J. McGrath, Rensselaer County Judge, dated October 27, 1999. Upon review of the associated filings, the defendant, acting without legal counsel, is seeking a jury trial and a consolidation with a similar matter involving other defendants, Vincent and Susan Brewer. The plaintiff, through its attorney, Dreyer Boyajian L. L. P., Craig M. Crist, Esq., filed a motion seeking summary judgment and for leave for limited discovery.
On November 23, 1999, this court forwarded a letter to the “ defendant herein, requesting that the defendant forward an affidavit setting forth the triable issues necessitating a jury trial, pursuant to UJCA 1806. On December 13, 1999, this court received a document in letter form, from the defendant, alleging certain issues. On December 20, 1999, this court forwarded a second letter pointing out the deficiency in the defendant’s prior filing and requesting that an affidavit be submitted within 20 days. Another document was forwarded to this court on or about December 24, 1999 by the defendant, again in letter and not in affidavit form.
Because UJCA 1806 specifically references an affidavit as the proper form of the required filing, and further where this court on two separate occasions has specifically requested the same, the failure of the defendant to produce the same causes this court to deny the defendant’s demand for a jury trial. It appears that it was the drafter’s intention to require a sworn document in order to insure that the requesting party is acting both in good faith and based on legitimate grounds. While this court is not suggesting that the defendant is not acting in good faith or for meritorious reasons, because the defendant did not meet the statutory requisite, the court feels compelled to deny the demand.
With respect to the request for consolidation, CPLR 602 provides that a court may order a joint trial where there is a *286 common question of law or fact. In this case there is a request from all defendants that the matter be joined given the nearly identical issues involving the same plaintiff. In each case it would appear that the same or similar facts and issues of law will be raised and the same witnesses called. To date there remains no objection from any party. As such, judicial economy can only be served by the consolidation and, hence, this request is granted.
As part of their filing both the plaintiff and defendant have made requests in differing forms to have the other’s claims dismissed and judgment rendered in their favor. This court takes judicial notice of the fact that both the claim and counterclaim were commenced pursuant to UJCA article 18 referring to small claims. Because the purpose of small claims is to provide for a simplified and informal forum to settle disputes, in general, the parties are not bound by the statutory rules of procedure, pleading or evidence (UJCA 1804). Given the same, this court deems any such pretrial motion inappropriate in a small claims matter. It is suggested, however, that issues specific to the jurisdiction of the court in terms of the subject matter and the parties named do not go to the merits of the case and may be the subject of a pretrial motion or inquiry. In this case no such issues are raised and each party’s motion is denied.
Finally, this court denies the plaintiff’s request for limited discovery demands as being out of context with the purpose and procedure of a small claim. Discovery in and of itself would create a situation where the matter could be delayed. It is the court’s opinion that small claims were intended to be expeditious, as well as simplified and informal. The plaintiff’s leave for limited discovery is denied.