■ In the Matter of John McNamara et al., Respondents, v Board of Assessors of the Town of Smithtown et al., Appellants. [709 NYS2d 821] —In a proceeding pursuant to CPLR article 78 to review five separate determinations of a Judicial Hearing Officer, all dated February 24, 1997, which denied applications pursuant to Real Property Tax Law article 7 to reduce tax assessments on two parcels of property, granted applications to reduce tax assessments on two other parcels of property only to a limited extent, and dismissed an application to reduce tax assessments on another parcel of property, respectively, the Board of Assessors of the Town of Smithtown and the Town of Smithtown appeal from five judgments of the Supreme Court, Suffolk County (Cohalan, J.), all dated January 6, 2000, which granted the petition, vacated the determinations of the Judicial Hearing Officer, and remitted the petitioners' causes of action for hearings de novo before a different Judicial Hearing Officer.

Ordered that the notice of appeal from an order of the same court entered February 3, 1999, is deemed a premature notice of appeal from the five separate judgments all dated January 6, 2000 (see, CPLR 5520 [c]); and it is further,

Ordered that the judgments all dated January 6, 2000, are reversed, on the law, the determinations of the Judicial Hearing Officer are confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellants are awarded one bill of costs.

The Real Property Tax Law provides that hearings held pursuant to the Small Claims Assessment Review procedure are to be conducted on an informal basis, and it vests the Judicial Hearing Officer with the discretion to consider a wide variety of sources and information in evaluating tax assessments (see, RPTL 732 [2]; *Matter of Sauer v Board of Assessors,* 194 AD2d 542). When the Judicial Hearing Officer's determinations are contested, the court is limited to ascertaining whether those determinations have a rational basis (see, *Meola v Assessor of Town of Colonie,* 207 AD2d 593). The appellants' proof on the values of the property owned by the petitioners Kenneth Lazovick and Karen Lazovick and of the property owned by the petitioners Hardeep Sawhney and Jaspreet Sawhney provided a rational basis for the Hearing Officer's determinations that reductions in their tax assessments were not warranted. In ad-

dition, the Hearing Officer's determinations to limit the reductions of the tax assessments of the property owned by the petitioners John McNamara and Carolyn McNamara and of the property owned by the petitioner Raymond Ronzoni had a rational basis. Finally, the Hearing Officer correctly dismissed the application of the petitioners Hyman Wolfson and Deborah Wolfson, as their property clearly was used for a commercial purpose that was not incidental or occasional (*cf., Matter of Town of New Castle v Kaufmann,* 72 NY2d 684). O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.