OPINION OF THE COURT
Thomas A. Dickerson, J.
*698 The Appraiser’s Right to an Interior Inspection
In this tax certiorari proceeding this court must decide whether an appraiser retained by the respondent has an absolute right to perform an interior inspection even if the petitioner refuses access to the subject premises. In that regard the Town of Ramapo has moved “pursuant to McKinney’s 2005 New York Rules of Court 202.59 (e) [22 NYCRR 202.59 (e)] requiring Petitioner to permit an appraiser to do an interior inspection of the subject premises in order to complete a preliminary and/or trial-ready appraisal. . . [or] if Plaintiff fails to do so, to dismiss this action in its entirety.”[1]
Factual Background
The petitioner claims that the subject premises, located at 75 Concord Drive, Monsey, New York, was overassessed for the year 1999 and, further, requests a review and reduction of said overassessment. Despite numerous requests from the Ramapo Town Attorney’s Office, the petitioner has refused to allow an appraiser to enter the subject premises and conduct an interior inspection of same.
22 NYCRR 202.59 (e)
22 NYCRR 202.59 (e) provides in part:
“Pretrial conference.
“(1) At any time after filing of the note of issue and certificate of readiness, any party to a tax assessment review proceeding may demand ... a pretrial conference ... At the pretrial conference, the judge shall take whatever action is warranted to expedite final disposition of the proceedings, including . . .
“(i) directing the parties to obtain appraisals . . . .”
Respondent Needs an Interior Inspection
The Town of Ramapo claims that it is “unable to prepare for trial, or in fact to meaningfully discuss settlement without a complete and accurate appraisal of the premises, which must include an interior inspection.”[2] According to Laurence W. Holland, an appraiser hired by the Town of Ramapo to perform a market value appraisal of the subject premises, “In order to perform a complete market appraisal, I must do an interior inspection of the property to certify the condition of the property . . . Without an interior inspection, the resulting appraisal *699 would be flawed, incomplete, and would not accurately represent a certifiable market value.”[3]
Petitioner Refuses Access
The petitioner asserts that 22 NYCRR 202.59 (e) is a means by which parties to a tax certiorari proceeding may obtain a pretrial conference and does not require an interior inspection. The petitioner contends that “Mr. Holland has failed to address how an interior inspection in 2005 will accurately reflect the condition of the interior in 1999, the year in which plaintiff brings this action for a reduction in the tax assessment. Indeed, an inspection at this late date could skew the entire appraisal.”[4] The petitioner also contends that a review of the building permits on file provides the Town of Ramapo with an alternative means of evaluating the interior of the petitioner’s residence as it existed in 1999.
Discussion
Standard of Reasonableness
This is a case of first impression regarding the right of an appraiser to seek entrance to the real property of a taxpayer and perform an interior inspection without the taxpayer’s permission. There is, however, some guidance from the New York State Office of Real Property Services (ORPS) set forth in 2 Opinions of Counsel SBEA No. 78 (at 120 [1972]): “an assessor, while on the property of a taxpayer, should be guided by a standard of ‘reasonableness. ’ ” In addition, the United States Supreme Court has declared in O’Connor v Ortega (480 US 709, 720 [1987], quoting Mancusi v DeForte, 392 US 364, 370 [1968], quoting Camara v Municipal Court of City & County of San Francisco, 387 US 523, 528-529 [1967]) that “ ‘it is settled . . . that “except in certain carefully defined classes of cases, a search of private property without proper consent is ‘unreasonable’ unless it has been authorized by a valid search warrant.” ’ ” The United States Supreme Court has also held in Camara v Municipal Court of City & County of San Francisco (387 US 523, 536-537 [1967]) that “there can be no ready test for determining reasonableness other than by balancing the need to search against the invasion which the search entails.”
*700 Unreasonable Searches Prohibited
The Fourth Amendment to the United States Constitution, which is enforceable against the states through the Fourteenth Amendment, prohibits unreasonable searches (see e.g., New Jersey v T. L. O., 469 US 325, 335 [1985] [“As we observed in Camara v Municipal Court, supra (387 US at 528), ‘(t)he basic purpose of this Amendment, as recognized in countless decisions of this Court, is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials’ ”]; Camara v Municipal Court, 387 US at 530-534 [1967] [it would be “anomalous to say that the individual and his private property are fully protected by the Fourth Amendment only when the individual is suspected of criminal behavior . . . (A) dministrative searches . . . are significant intrusions upon the interests protected by the Fourth Amendment, that such searches when authorized and conducted without a warrant procedure lack traditional safeguards which the Fourth Amendment guarantees to the individual”]).
Assessor’s Interior Inspection Unreasonable
It is the opinion of ORPS, as stated in 2 Opinions of Counsel SBEA No. 78 (at 120 [1972]) and in reliance on Camara v Municipal Court {supra), that an assessor may not enter a private residence, for the purpose of inspection, without the permission of the taxpayer:
“In the event an assessor is unable to accurately appraise a parcel of real property without an inspection of the property, and access to the property is denied by the taxpayer, the assessor would nevertheless have to arrive at an appraised value which most nearly reflects the probable value of the property. Such an appraisal of residential real property could be based on the improvements found in similar homes, an estimate of the interior of a home by third persons who have been there, or any other reasonable method calculated to aid the assessor under these circumstances.”
Appraiser’s Interior Inspection Unreasonable
This same reasoning applies to the issue of whether an appraiser is entitled to conduct an interior inspection of the subject premises without the taxpayer’s permission. This court agrees with the petitioner that the respondent has failed to address how an interior inspection of the subject premises in 2005 will accurately reflect the condition of the interior in 1999, the year *701 in which the petitioner brings this action for a reduction in the tax assessment. Certainly, as the petitioner suggests, a review of the building permits on file provides the Town of Ramapo with a reasonable, alternative means of evaluating the interior of the petitioner’s residence as it existed in 1999.
22 NYCRR 202.59 (e)
The court notes that the Town of Ramapo made the instant motion pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.59 (e) (1), which deals with the scheduling of a pretrial conference such that the judge can “take whatever action is warranted to expedite final disposition of the proceedings.” It is clear from a review of 22 NYCRR 202.59 (e) that it does not require an interior inspection by the appraiser of the subject property.
Accordingly, the respondent’s motion is denied in its entirety.

. Affirmation of Elana L. Yegor, Oct. 12, 2005, at 2.

. Yeger affirmation at 2; affidavit of Laurence W Holland, sworn to Oct. 12, 2005.

. Holland affidavit paras 4-5.

. Opposition affidavit of Benjamin Karfunkel, sworn to Nov. 3, 2005, at para 6.