■ In the Matter of PAULINE STERBEN et al., Respondents, v BOARD OF ASSESSMENT REVIEW OF TOWN OF AMHERST, COUNTY of ERIE, STATE OF NEW YORK, et al., Appellants. [838 NYS2d 279]—

Appeals from a judgment (denominated order) of the Supreme Court, Erie County (John A. Michalek, J.), entered March 21, 2006 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, granted the petition in part and granted a de novo hearing with respect to petitioners' property assessments.

It is hereby ordered that the judgment insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed in its entirety.

Memorandum: Petitioners submitted complaints seeking to reduce their property assessments and, when they appeared before respondent Board of Assessment Review of the Town of Amherst (Board), the Board requested additional information from them. The Board thereafter dismissed the complaints based on petitioners' willful failure to submit the requested documents (*see* RPTL 525 [2] [a]). Petitioners then sought small claims assessment review pursuant to RPTL article 7, title 1-A, and the Hearing Officer determined that petitioners were not entitled to a reduction in their assessments because the Board had dismissed their complaints pursuant to RPTL 525.

Supreme Court erred in granting that part of the petition in this CPLR article 78 proceeding for a de novo hearing with respect to petitioners' property assessments, and we conclude that the court should have dismissed the petition in its entirety. "When a Hearing Officer's determination [under title 1-A of RPTL article 7] is challenged, the court's role is limited to ascertaining whether the determination has a rational basis" (*Matter of Meola v Assessor of Town of Colonie*, 207 AD2d 593, 594 [1994], *lv denied* 84 NY2d 812 [1995]; *see Matter of McNamara v Board of Assessors of Town of Smithtown*, 272 AD2d 617 [2000]). Petitioners failed to respond to the Board's request for further documentation pursuant to RPTL 525 (2) (a), and the Hearing Officer's determination with respect to each petitioner has a rational basis inasmuch as the record supports the determinations of the Board that petitioners' failure to comply with the request for documentation was willful (*see Matter of Gelber Enters., LLC v Williams*, 41 AD3d 1207 [2007]; *Matter of Town of Babylon v Perry*, 230 AD2d 802, 803 [1996], *lv denied* 89 NY2d 813 [1997]). Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.