OPINION OF THE COURT
William R. LaMarca, J.
The decision and judgment of the court, dated May 27, 2008, is recalled for the purpose of clarifying the conclusion of same and the instant amended decision and judgment is substituted in its place, nunc pro tunc.
Requested Relief
In a CPLR article 78 proceeding, the petitioners, Herbert Regenstreif and 358 Willis LLC, seek an order vacating the decision of the Hearing Officer rendered at the conclusion of a small claims assessment review hearing pursuant to Real Property Tax Law § 730. The Hearing Officer determined that the petitioner was disqualified from proceeding under the small claims assessment review (SCAR) provisions because the dwelling was owned by a limited liability company (LLC) and was therefore not “owner occupied” as required by Real Property Tax Law § 739 (b) (i). The court notes that said section is incorrect and the correct citation appears to be Real Property Tax Law § 730 (1) (b). Respondents, the Board of Assessors, also known as Nassau County Department of Assessment, and the *789 Nassau County Assessment Review Commission, also known as Board of Assessment Review of the County of Nassau, oppose the petition which is determined as follows:
Background
The petitioner, Herbert Regenstreif, filed an application for correction of assessment, dated February 23, 2006, in which he estimated the fair market value of his home as of January 1, 2006 to be $320,000. After the 2007/2008 tax roll became final, on April 1, 2007, he filed a petition for a SCAR hearing of the 2007/2008 assessment. Said petition was filed on April 16, 2007. By decision dated December 17, 2007, the SCAR Hearing Officer determined that the petition was not qualified for consideration because the premises were not “owner occupied.” The narrative decision stated that “[t]his property is owned by a Limited Liability Corporation. As such it is not owner-occupied within the meaning of RPTL § 739 (b) (i) [sic].”
By notice of petition and petition, dated January 17, 2008, the petitioners now seek review of the determination of the Hearing Officer, and upon review, request that the court annul the determination and grant the relief sought in the SCAR petition, determine the assessment of the subject property in accordance with the SCAR petition, direct the Nassau County Department of Assessment to accept and grant a basic school tax assessment relief (STAR) application, dated December 14, 2007, and grant costs pursuant to Real Property Tax Law § 722.
The respondents’ answer essentially denies or denies information sufficient to form a belief as to the truth of the allegations, except it admits that there was a SCAR hearing on December 17, 2007. Respondents assert eight affirmative defenses:
(1) writ of mandamus is an inappropriate remedy because the duty sought to be compelled is not clear and distinct;
(2) the petitioners have failed to exhaust their administrative remedies with respect to the denial of their STAR application;
(3) STAR relief is granted by the State of New York and the petitioners should have named the State of New York in the petition and served the Attorney General;
(4) a LLC does not qualify for STAR relief pursuant to Real Property Tax Law § 730;
(5) the petition lacks merit because the petitioners have “failed to demonstrate or establish that the process of review *790 itself was unfair, that the decision of the[H] earing [0]fficer was in excess of her jurisdiction, that the decision was arbitrary or capricious, or that there was an abuse of discretion by the Hearing Officer”;
(6) the petitioners have failed to demonstrate that there was no “rational basis” for the determination of the Hearing Officer;
(7) the court is without jurisdiction to adjudge the petitioners’ assessment for the 2008/2009 assessment roll, since the roll is not final until April 1, 2008 and the petitioners must file a petition within 30 days of the finalization of the roll; and
(8) the court should not award costs because the decision was made by an independent Hearing Officer, not the respondents, and the denial of an exemption under STAR was based upon a statute of the State of New York.
The Law
A review of the decision of a hearing officer under the SCAR procedure is limited to ascertaining whether there was a rational basis for the decision. (Matter of Barbera v Assessor of Town of Pelham, 278 AD2d 412 [2d Dept 2000], lv denied 96 NY2d 711 [2001]; Matter of McNamara v Board of Assessors of Town of Smithtown, 272 AD2d 617 [2d Dept 2000].) The petitioners’ application for STAR benefits was denied without stating an explicit reason. The issue presented is whether the application was timely filed, whether the existence of the LLC as owner of the property precludes the granting of such an application, and whether the petitioners’ failure to exhaust their administrative remedies precludes the matter from consideration by the court.
Discussion
A. The Denial of Consideration under Section 730 of the Real Property Tax Law
The court finds that the Hearing Officer’s declination to consider the matter in a SCAR proceeding was without rational basis. The statute in question, Real Property Tax Law § 730, does not preclude consideration of homes whose title is held by a LLC.
The qualifications for review are set forth at Real Property Tax Law § 730 (1) (b). The first requirement is that the property is “(i) improved by a one, two or three family owner-occupied structure used exclusively for residential purposes” (RPTL 730 [1] [b] [i]). Even the term “exclusively” has been
*791 modified by judicial determinations. In Matter of Town of New Castle v Kaufmann (72 NY2d 684, 686 [1988]), the Court found that “[a] review of the history of RPTL 730 indicates that a narrow construction of the disputed language in this case would deny expedited and inexpensive review to homeowners and thus frustrate the statutory objectives.”
Governor Hugh Carey’s Approval Memorandum (Bill Jacket, L 1981, ch 1022, at 37) provides in pertinent part as follows:
“This bill is designed to afford speedy and inexpensive relief to homeowners who suffer from inequitable assessments and who have not been successful in administrative proceedings before Boards of Assessment Review. The objective of this bill is a laudable one and is consistent with the objectives of legislation which I have supported for improved administration of the real property tax assessment system in the past.
“Nothing less than substantial improvement of current assessment practices will cure all of the existing inequities in the assessment of one, two and three family residential property. However, homeowners should not be denied equitable assessments because of the expense and time involved in successfully prosecuting real property tax review proceedings.
“I have consistently stated that protection of the homeowner is one of the touchstones of an improved real property tax assessment system. This bill affords an effective remedy to inequitably assessed homeowners where none presently exists in many assessing units, and, therefore, in large measure achieves the objective of homeowner protection.”
The goal of the bill could not be more obvious. It was to provide an expedited method for the review of assessments on one-, two- and three-family homes. The clear import of the term “owner-occupied” was to exclude from consideration those properties which were held for their ability to generate income from rental. As evidence of the intent of the legislature to expand, not contract, the scope of this remedy, subdivision (9) was added in 2003. (L 2003, ch 363, § 1.) It provided that “[w]here real property is held in trust solely for the benefit of a person or persons, such person or persons may be deemed to be the owner or owners of such property for the purposes of this title.” (RPTL 730 [9].)
*792 The petitioners contend, and provide supporting documentation to confirm, that the record owner, 358 Willis LLC, is a single member limited liability company. Mr. Regenstreif is the sole organizer and member of the entity, and there is no controversy that 358 Willis Avenue is his residence. The respondents claim that requiring the Hearing Officer to ascertain the eligibility of a limited liability company would make “the proceeding much more than the simple and efficient forum which has been the hallmark of the small claims assessment review program.” But this is certainly no more onerous than determining who the beneficiary of a trust agreement is, or, even more fundamentally, whether the individual is the owner and occupant of a particular residence.
Forcing an individual in the position of the petitioner to commence an article 7 proceeding, with the expenditure of funds for an index number, request for judicial intervention, the cost of a real estate appraisal which satisfies the requirements for tax certiorari proceedings, and the retention of an attorney, is antithetical to what the legislature intended by the enactment of Real Property Tax Law § 730.
In making such determinations, the court should search for substance over form. Mr. Regenstreif lives in the one-family home at 358 Willis Avenue, Mineóla. He pays the real estate taxes thereon and bears all other burdens of ownership. He is, at the very least, the beneficial owner of the premises, and must be permitted the opportunity to protest his assessment under an affordable system created by the legislature for persons similarly situated.
The court finds that an article 78 proceeding is an appropriate forum for requesting such relief. The State of New York enacted the SCAR procedure to alleviate the costs for the owners of one-, two- and three-family homes in seeking equitable assessments. The creation of real or imagined reasons why homeowners are ineligible is unacceptable. The court is mindful of the opinion of counsel, issued by the Office of Real Property Services, that ownership by a corporation disqualifies the property from the SCAR procedure. Irrespective of the correctness of the opinion, the current proceeding does not involve a corporation, but rather a single member limited liability company, in which all expenses are incurred by the single member.
While there are numerous cases which state that an article 78 proceeding is an inappropriate vehicle by which to challenge the *793 assessment on real property, an article 78 proceeding is the appropriate remedy to obtain review of the determination of a SCAR hearing officer. (Cf. Matter of Allen v Assessor of Town of Somers, 239 AD2d 571 [2d Dept 1997].)
Petitioners have requested a determination of the assessment as claimed in the complaint, however, the court will not grant such relief. The primary purpose of the instant proceeding is to request that the court compel the respondents to grant them the right to a SCAR hearing under the applicable statutes. This is at the heart of the common law writ of mandamus, to compel a body or officer to perform a ministerial function that is required by law to be performed. It does not seek to compel a specific result.
Were the court to compel the petitioners to proceed under article 7 of the Real Property Tax Law, it would be requiring them to do precisely what section 730 says they should not be required to do. Therefore, one could never get to the issue posed by the petition, that is, whether ownership by a limited liability company precludes review in a SCAR proceeding.
It would be inappropriate for the court to determine the value of the subject premises on the limited record before it. The respondents are entitled to submit evidence of comparable sales tending to justify the assessment for the 2007/2008 tax year. Therefore, the matter is remanded to the Nassau County Assessment Review Commission, with a directive that it schedule a SCAR hearing as soon as practicable, and that such hearing be conducted by a different hearing officer.
B. Application to Direct Issuance of a Basic STAR Exemption
The petitioners timely applied for a basic school tax assessment relief exemption on December 14, 2007. The application was denied by correspondence from the Department of Assessment. No specific reason was cited for the denial, but the letter advised the petitioners that they could seek administrative review at the Board of Assessment Review. The petitioners chose instead to include a request that the respondents grant the exemption in this article 78 proceeding.
The respondents contend that the petitioners have failed to exhaust their administrative remedies, and, in any event, a limited liability company is precluded from receiving a basic STAR exemption.
The exemption was created by Real Property Tax Law § 425. The eligibility requirements for basic STAR are set forth at section 425 (3) as follows:
*794 “3. Eligibility requirements, (a) Property use. To qualify for exemption pursuant to this section, the property must be a one, two or three family residence, a farm dwelling or residential property held in condominium or cooperative form of ownership. If the property is not an eligible type of property, but a portion of the property is partially used by the owner as a primary residence, that portion which is so used shall be entitled to the exemption provided by this section; provided that in no event shall the exemption exceed the assessed value attributable to that portion.
“(b) Primary residence. The property must serve as the primary residence of one or more of the owners thereof.
“(c) Trusts. If the legal title to the property is held by one or more trustees, the beneficial owner or owners shall be deemed to own the property for purposes of this subdivision.”
The legislative purpose is obvious from the language of the statute. It was designed to provide school tax relief to owners of one-, two- and three-family homes by providing an exemption for a designated portion of the total assessment of their property. For the same reasons that the petitioners should be entitled to the benefits of the SCAR procedures, they should also be qualified for a basic STAR exemption.
But the respondents’ “exhaustion of administrative remedies” argument has merit. “It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law.” (Matter of Brunjes v Nocella, 40 AD3d 1088, 1088-1089 [2d Dept 2007] [internal quotation marks and citations omitted].) Civil Practice Law and Rules § 7801 (1) excludes from judicial review proceedings in which a determination
“is not final or can be adequately reviewed by appeal to a court or to some other body or officer or where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner’s application unless the determination to be reviewed was made upon a rehearing, or a rehearing has been denied, or the time within which the petitioner can procure a rehearing has elapsed.”
*795 In this instance, the petitioners had the opportunity to seek review of the denial of the exemption by the Assessment Review Commission. The petitioners have not demonstrated that an exception to the exhaustion of administrative remedies doctrine is applicable. Watergate II Apts, v Buffalo Sewer Auth., 46 NY2d 52 [1978].) The Court of Appeals (at 57) there noted that the exhaustion of administrative remedies doctrine
“furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency (see 1 NY Jur, Administrative Law, § 5, pp 303-304), preventing premature judicial interference with the administrators’ efforts to develop, even by some trial and error, a co-ordinated, consistent and legally enforceable scheme of regulation and affording the agency the opportunity, in advance of possible judicial review, to prepare a record reflective of its ‘expertise and judgment.’ ”
The exhaustion doctrine is not inflexible and is subject to qualifications. It need not be followed when the agency’s action is challenged as unconstitutional or beyond its authority. Watergate II Apts, v Buffalo Sewer Auth., supra.)
This is not present in the case at bar. In the reply, petitioners allege that further administrative proceedings would be futile because the respondents’ position is clear and unambiguous. It would be unfair to conclude that the Assessment Review Commission, which to date has had no involvement with the matter, could not possibly find for the petitioners and grant a STAR exemption even though title is held by a limited liability company. Even if they concluded otherwise, they are entitled to an opportunity to make a final determination.
Conclusion
The petition is granted to the extent that the matter is remanded to the SCAR Clerk of the Supreme Court, Nassau County, with a direction that he/she schedule a new SCAR hearing, de novo, before a different SCAR Hearing Officer. That portion of the petition which seeks to compel the respondents to grant a basic STAR exemption is denied, without prejudice to renewal upon a final determination of the Board of Assessment Review which denies such an exemption. The application for costs is denied.