OPINION OF THE COURT
Robert J. Miller, J.
In this case, the court is asked to construe the scope of the one-, two- and three-family residential exemption for property “used exclusively for residential purposes” under section 7-210 of the Administrative Code of the City of New York (the New *326 Sidewalk Law). The section in pertinent part provides as follows:
“Notwithstanding any other provision of law, the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags and the negligent failure to remove snow, ice, dirt or other material from the sidewalk. This subdivision shall not apply to one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes.” (Administrative Code § 7-210 [b].)
Plaintiff Wilma Story was allegedly injured as a result of a trip and fall accident on a sidewalk in front of 563-571 East 9th Street, Brooklyn, New York (the property). The defendants, Morris and Judith Lowinger, the owners of the property, move for summary judgment asserting that they have owned their home for over 40 years, they reside at the property and they are the sole occupants.
Plaintiff and the codefendant City of New York oppose the motion asserting that there is a fact issue as to whether the property is used “exclusively for residential purposes” as there is a sign attached to the property that reads “Richard Lowinger Attorney at Law and Equinox Company,” and Richard Lowinger, the son of defendants, lists the property as his address for the practice of law with the Office of Court Administration (OCA). Richard testified as follows:
“Q. Can you tell me where your office is currently located?
“A. My house, 1631 East 28th Street.
“Q. That is in Brooklyn as well?
“A. That is in Brooklyn as well . . .
“Q. Do you maintain any kind of operations of a business nature at that location, 571 East 9th Street?
“A. No I don’t even have a phone there.
*327 “Q. So as far as [the] OCA listing would you call that out-of-date, inaccurate?
“A. I take my mail there and I have an official listing. It is not like I would like to, even[though] I am operating out of my house, it is not like I would like clients to know exactly where I live. Otherwise, I have to tell people this is my house. So to avoid my having — sometimes you don’t always get along one hundred percent with everyone, so I use the old address, I keep it on.”
In opposition to the summary judgment motion, neither plaintiff nor the City offers any evidence to dispute the sworn testimony of the defendants as to the use of their property or of Richard’s testimony that he does not practice at the property. The sole basis of their opposition is the sign and the OCA filings.
Without in any way approving of Richard’s reason for continuing to use his old address with OCA, the OCA filing together with the sign does not establish a nonresidential use of the property.
The legislative purpose of the New Sidewalk Law was to shift liability away from the City to commercial property owners. The exemption was intended to shield the small private homeowner from liability. (Vargas v Rodriguez, 2007 NY Slip Op 32638[U] [Sup Ct, Queens County 2007].)
Where, as here, the property is used as a mail drop, at most, for the homeowners’ son’s law practice, the court finds that the exemption applies. The Court of Appeals in Matter of Town of New Castle v Kaufmann (72 NY2d 684, 686-687 [1988]) construed the RPTL 730 provision for tax certiorari review for properties used “exclusively for residential purposes” and found:
“Generally, statutes are to be construed according to the ordinary meaning of their words when the language is unambiguous and its meaning unequivocal (Sega v State of New York, 60 NY2d 183, 190-191). When such a construction would thwart the settled purposes of the statute, however, literal and narrow interpretations should be avoided. . . .
“To ignore this history and narrowly construe the provision contravenes the primary purpose of RPTL 730. Residential taxpayers who occasionally use a portion of their home for business are no more able *328 to expend the time and cost of a regular tax certiorari proceeding than homeowners who use their dwelling exclusively for residential purposes, and should be entitled to a small claims assessment review.”
In New Castle, the homeowner, in a seventh-month period, had used the home for business purposes for 10 hours. Here, according to the undisputed testimony, there was no business use other than a mail listing and a sign. As such, the court finds that the purpose of the New Sidewalk Law would be subverted if the exemption was not applied to the moving defendants. Accordingly, the defendants Morris and Judith Lowinger’s motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment dismissing the complaint and all cross claims against said defendants.