OPINION OF THE COURT
Sgroi, J.
The petitioners Amy Yee, Kenneth Kolwicz, and Esther Braun *106 challenge the dismissal of their small claims assessment review (hereinafter SCAR) petitions by the Judicial Hearing Officer (hereinafter the JHO) designated to hear such cases because of their failure to permit inspections of their respective properties by the town assessor. They contend that discovery preliminary to a SCAR decision is limited to a viewing or inspection by the JHO, and that the JHO violated their rights under the Fourth Amendment to the United States Constitution in determining that they were required to permit an inspection of their homes by a representative of the respondents Town of Orangetown, Town of Clarkstown, and Town of Ramapo in Rockland County (hereinafter collectively the towns) before the JHO could consider the merits of their challenges to their tax assessments. We conclude that the JHO’s determination was in error.
History of the Proceedings
The three petitioners own residential real property in the towns and filed grievances to reduce the 2008 tax assessments of their property. After those grievances were denied in 2008, the petitioners appealed to their respective town boards of assessment review. After a denial of those appeals, the petitioners commenced SCAR proceedings to review the denial of their appeals by the towns.
At the pretrial conferences of the SCAR proceedings held before the JHO, the towns requested that their representatives be permitted to inspect the homes of the petitioners. The petitioners refused to permit the inspections. The towns made an oral application for dismissal of the SCAR petitions, asserting that they had the right to inspect the petitioners’ homes. The JHO dismissed the SCAR petitions, with prejudice, holding that, when a homeowner files a SCAR petition, that homeowner makes a limited and revocable waiver of a right to privacy and consents to inspection and, upon a demand for an inspection by the town, must comply to avoid dismissal of the proceeding.
After the JHO dismissed the SCAR petitions, the petitioners commenced this proceeding pursuant to CPLR article 78 in Supreme Court to review the JHO’s determination, arguing that no disclosure other than the inspection of the property by the JHO is permitted in SCAR proceedings, and that the inspections mandated by the JHO violated their Fourth Amendment rights under the United States Constitution.
The Ruling in Supreme Court
In a judgment dated February 24, 2009, the Supreme Court denied the CPLR article 78 petition and dismissed the proceed *107 ing, stating that “permitting the municipality to do an inspection enhances the accuracy of an appraisal by revealing remodeling and other improvements that, for one reason or another, might not be reflected in municipal records” and that “it also puts the municipality on an equal footing with the petitioner.” The Supreme Court determined that it was within the JHO’s discretion to direct inspections and within his power to dismiss the SCAR proceedings based on the petitioners’ failure to comply with the request for inspections. The Supreme Court reasoned that RPTL 732 (2) authorizes an inspection by the JHO and, thus, an inspection by the towns was not antithetical to a SCAR proceeding. Allowing an inspection by the towns, accompanied by the petitioners or their representatives, would be in furtherance of the general authority of the JHO to supervise the course of the hearing and to do substantial justice.
The petitioners appeal from the judgment of the Supreme Court.
The Contentions of the Parties
The petitioners contend that the JHO’s determination was in error because no discovery is permissible in a SCAR proceeding, which was meant to be a simple, efficient method for review of tax assessments without the burden of a tax certiorari proceeding. They further assert that disclosure is devolved from statute and could not be directed without explicit authority. Additionally, the petitioners contend that property inspections violated the constitutional prohibition against unreasonable searches and would have a chilling effect on SCAR petitioners. Finally, the petitioners maintain that an inspection would not yield relevant, competent information because the valuation period being challenged was for the prior year.
In response, the towns contend that the JHO had a rational basis for his decision, that to allow the inspections would do substantial justice between the parties, as such inspections would allow the petitioners to satisfy their burden of proving the full market value of their properties while allowing the assessors to obtain information to ascertain the comparability of other properties. The towns further reason that since the JHO had the authority to inspect the property, he had the authority to permit inspections by representatives of the towns. Additionally, they argue that no disclosure other than an inspection was requested, and a brief inspection would not defeat the legislative goal of providing a simple, efficient, and inexpensive method for prompt review of an assessment.
*108 The petitioners reply that the JHO deprived them of a determination on the merits because they had exercised their constitutional right to decline a request for a property inspection by the towns. They counter that the towns had certified their assessments without benefit of inspections and that appraisals and inspections were not necessary for proof of value in SCAR proceedings. The petitioners maintain that homeowners do not waive their right to privacy by filing a SCAR petition.
Analysis
SCAR proceedings are governed by RPTL article 7, title 1-A. RPTL 732 (2) provides:
“The petitioner need not present expert witnesses nor be represented by an attorney at such hearing. Such proceedings shall be conducted on an informal basis in such manner as to do substantial justice between the parties according to the rules of substantive law. The petitioner shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence . . .The hearing officer shall consider the best evidence presented in each particular case. Such evidence may include, but shall not be limited to, the most recent equalization rate established for such assessing unit, the residential assessment ratio promulgated by the state board.”
Prior to the enactment of this statute, a residential taxpayer who sought review of real property tax assessments was required to commence a formal tax certiorari proceeding to obtain a reduction of his or her real property taxes. This created a substantial burden for individual residential taxpayers because “[s]uch proceedings were so complex and expensive as to be prohibitive for the owners of [residential] properties” (Matter of Town of New Castle v Kaufmann, 72 NY2d 684, 686 [1988] [internal quotation marks omitted]). In order to alleviate this situation, the New York State Legislature enacted the SCAR statute in the RPTL “to afford ‘speedy and inexpensive relief to wrongfully assessed homeowners through a simplified review procedure” (Matter of Meola v Assessor of Town of Colonie, 207 AD2d 593, 594 [1994], quoting Matter of Town of New Castle v Kaufmann, 72 NY2d at 686).
The RPTL explicitly provides that SCAR hearings should be conducted on an informal basis, that the petitioner need not present an expert witness, and the JHO is vested with the *109 discretion to consider a wide variety of sources and information in evaluating tax assessments (see RPTL 732 [2]; Matter of Meirowitz v Board of Assessors, 53 AD3d 549 [2008]; Matter of Lauer v Board of Assessors, 51 AD3d 926 [2008]; Matter of McNamara v Board of Assessors of Town of Smithtown, 272 AD2d 617 [2000]; Matter of Sauer v Board of Assessors, 194 AD2d 542 [1993]). The proceedings are to be conducted “in such manner as to do substantial justice between the parties according to the rules of substantive law” and “[t]he petitioner shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence” (RPTL 732 [2]).
Once a homeowner opts to commence a SCAR proceeding, that property owner waives his or her right to commence a tax review proceeding in Supreme Court under RPTL article 7, title 1 (RPTL 702), and court review of a JHO’s determination is limited to commencement of a proceeding pursuant to CPLR article 78 (see RPTL 736). Therefore, “[w]hen the Judicial Hearing Officer’s determinations are contested, the court is limited to ascertaining whether those determinations have a rational basis” (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2008]; see Matter of Meirowitz v Board of Assessors, 53 AD3d 549 [2008]; Matter of Gershon v Nassau County Assessment Review Commn., 29 AD3d 909 [2006]).
Here, the JHO dismissed the petitions prior to holding hearings on the merits because of “the refusal to allow assessor inspections.” The Supreme Court declined to annul that determination. We reverse the judgment of the Supreme Court, based upon both the requirements of the SCAR statute and the Fourth Amendment to the United States Constitution, because the JHO’s determination that the petitioners cannot maintain a SCAR proceeding without consenting to assessor inspections was in error.
The language in RPTL 732 (2) mirrors the wording of small claims statutes which provide that the intent of small claims is “to do substantial justice between the parties according to the rules of substantive law and [small claims courts] shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence” (UJCA 1804; UDCA 1804; UCCA 1804; CCA 1804). In discussing small claims practice in the courts of limited jurisdiction, Professor David D. Siegel has stated that “[disclosure, free availability of which would create too great an opportunity to frustrate the purpose of simplified small claims practice, is available only by court order, and the small *110 claims judges have to be mighty stingy about it—and about other pretrial procedures, including, of course, motion practice” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, UDCA 1804).
As the Justice Court noted in Village of Castleton on Hudson v Pillsworth (184 Misc 2d 284, 286 [2000]), the purpose of small claims is to expedite procedure and “[d]iscovery in and of itself would create a situation where the matter could be delayed” (see also Meister v Engine Trans. Corp., 138 Misc 2d 880 [1988]; MacCollam v Arlington, 94 Misc 2d 692 [1978]). While discovery in small claims courts may be permitted upon special circumstances, it “requires more than a showing that the information sought to be disclosed is relevant or helpful information” (MacCollam v Arlington, 94 Misc 2d at 693-694).
Since the SCAR statute uses the same language to describe procedure as do the various court acts governing small claims procedure, the language in all should be interpreted in a consistent manner. Disclosure in SCAR proceedings, while not prohibited, only should be employed in a case involving special circumstances. Here, there are no such special circumstances, and it is clear from this record that the JHO intended to require all petitioners to submit to home inspections if the towns requested that discovery. Since no special circumstances are present in this case, the JHO acted improperly by first ordering inspections and then dismissing the SCAR petitions when the petitioners refused to permit those inspections.
RPTL article 7, title 1-A explicitly provides that SCAR petitions are not governed by the much broader CPLR article 31 rules of disclosure. The Office of Real Property Services (hereinafter ORPS) has opined that disclosure is not available in SCAR proceedings (see 9 Ops Counsel SBEA No. 47 [1989]). It reasoned that title 1-A does not provide for disclosure and that the Legislature’s intent to create a more efficient and less cumbersome process militates against disclosure. Although the RPTL does not prohibit disclosure in SCAR proceedings, “[i]n New York, discovery rules are essentially creatures of legislative policy” (People v DaGata, 86 NY2d 40, 44 [1995]; see Matter of Briggs v Halloran, 12 AD3d 1016 [2004]) and “[a]s a general rule, discovery which is unavailable pursuant to statute may not be ordered” (Matter of Sacket v Bartlett, 241 AD2d 97, 101 [1998]; see People v Colavito, 87 NY2d 423, 427 [1996]; Matter of Miller v Schwartz, 72 NY2d 869 [1988]). The Legislature here has indicated an intention that discovery in SCAR proceedings *111 be restricted in a manner similar to that in small claims actions, and this opinion gives effect to that intention.
The SCAR statute does permit the JHO to view or inspect the premises (see RPTL 732 [2] [stating “(t)he hearing officer may, if he (or she) deems appropriate, view or inspect the real property subject to review”]). However, RPTL 732 (2) contemplates a viewing for the benefit of the factfinder, not a party adversary. The JHO in this case interpreted his authority to order an inspection in an over-expansive manner, beyond the limited direct inspection permitted under the SCAR sections in the RPTL. The JHO was not exercising his actual but limited statutory authority to “view or inspect the real property” (id.). Instead, when the towns sought permission to have their assessors conduct inspections, as a matter of disclosure preparatory to their defense of the tax assessments, the JHO directed that the petitioners consent to an inspection or face dismissal of their SCAR proceedings, thus foreclosing their right to appeal the assessment for that tax year.
The Fourth Amendment to the United States Constitution protects the “right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.” The reasonableness of the search depends on the context within which it takes place (see O’Connor v Ortega, 480 US 709, 719 [1987]; New Jersey v T. L. O., 469 US 325, 337 [1985]). Except in certain carefully defined classes of cases, a search of private property without proper consent is unreasonable unless it has been authorized by a valid search warrant (see Camara v Municipal Court of City & County of San Francisco, 387 US 523, 528 [1967]). A search warrant is required for “a routine inspection of the physical condition of private property” (Camara v Municipal Court of City & County of San Francisco, 387 US at 530). Thus, ORPS has opined that an assessor, in preparing an assessment roll, should not enter a private residence without first securing the landowner’s permission (see 9 Ops Counsel SBEA No. 4 [1989]; 7 Ops Counsel SBEA No. 19 [1980]; 2 Ops Counsel SBEA No. 78 [1972]).
The JHO distinguished such a situation, holding that a homeowner makes a limited, revocable waiver of Fourth Amendment rights and consents to an assessor’s inspection by commencing a SCAR proceeding. This was error. A waiver of constitutional rights must be knowing and intelligent (see Fiore v Oakwood Plaza Shopping Ctr., 78 NY2d 572, 581 [1991], cert denied 506 US 823 [1992]; People v Leftwich, 134 AD2d 371 *112 [1987]). Nothing about commencing a SCAR proceeding, with its informal nature and lack of disclosure, puts the homeowner on notice that the assessor must be allowed into the residence for an inspection or the proceeding will be dismissed.
In Schlesinger v Town of Ramapo (11 Misc 3d 697 [2006]), a tax certiorari proceeding, the Supreme Court held that the town did not have a right to send an appraiser to perform an inspection of the premises without the homeowner’s permission and that the requested inspection was an unreasonable search. Citing the Fourth Amendment prohibition on unreasonable searches and the opinion of ORPS that an assessor may not enter a private residence without permission, the court held that the requested inspection was unreasonable. The court stated:
“This court agrees with the petitioner that the respondent has failed to address how an interior inspection of the subject premises in 2005 will accurately reflect the condition of the interior in 1999, the year in which the petitioner brings this action for a reduction in the tax assessment. Certainly, as the petitioner suggests, a review of the building permits on file provides the Town of Ramapo with a reasonable, alternative means of evaluating the interior of the petitioner’s residence as it existed in 1999” (id. at 700-701).
If homeowners do not waive their right to refuse access by commencing a tax certiorari proceeding, where rules of disclosure apply (see RPTL 700 [2]), then it follows that they do not waive such right by commencing a more informal SCAR proceeding, an argument persuasively raised by the petitioners herein.
The JHO distinguished Schlesinger, stating that its finding of unreasonableness stemmed solely from the lapse of time between the valuation date and the proposed inspection. While the time lapse was significant in that case, “[t]he determination of the standard of reasonableness governing any specific class of searches requires ‘balancing the need to search against the invasion which the search entails’ ” (New Jersey v T. L. O., 469 US at 337, quoting Camara v Municipal Court of City & County of San Francisco, 387 US at 537).
A SCAR petitioner has the burden of proving excessive or unequal assessment (see RPTL 732 [2]; Matter of Sofia v Assessor of Town of Eastchester, 294 AB2d 509 [2002]). To prove an *113 unequal assessment, the homeowner must first prove the full market value of real property. A professional appraisal is not required, and the homeowner may use proof of a recent purchase price or sales prices or appraised values of comparable properties (see Matter of Pace v Assessor of Town of Islip, 252 AD2d 88 [1998]).
The towns defending their assessment from such a challenge do not have the burden of establishing that the assessment is correct. The towns may provide their methodology and reasoning for arriving at the assessment, but the precise interior characteristics of the home are not necessary to a defense of an assessment, itself made without the benefit of an interior inspection. The towns have failed to establish that an inspection is necessary for a defense of a tax assessment in these SCAR proceedings and that dismissal of the petitions purely for the petitioners’ refusal to provide access is proper.
The JHO, pursuant to his stated policy, dismissed the proceedings prior to a hearing on the merits and on the sole basis that the petitioners refused to permit assessor inspections. Given the lack of provision for or notice of such inspections in the SCAR statute, the limited need for such inspections in these informal proceedings and the homeowners’ rights to exclude the government from their homes, we find that the JHO’s policy of requiring inspections by a municipal assessor as a condition of maintaining the SCAR proceedings without statutory authority is a violation of the petitioners’ Fourth Amendment rights (see New Jersey v T.L. O., 469 US at 337; Camara v Municipal Court of City & County of San Francisco, 387 US at 537) and exceeded the power bestowed upon a JHO under the provisions of RPTL article 7, title 1-A.
Based upon both the requirements of the SCAR statute and Fourth Amendment principles, we conclude that the JHO’s determination that the petitioners cannot maintain a SCAR proceeding without consenting to assessor inspections was in error. Accordingly, the judgment is reversed, on the law, the CPLR article 78 petition is granted, the determination is annulled, and the matter is remitted to the Supreme Court, Rock-land County, for further proceedings on the small claims assessment review petitions.
Covello, J.E, Angiolillo and Balkin, JJ., concur.
Ordered that the judgment is reversed, on the law, with one bill of costs, the CPLR article 78 petition is granted, the determination is annulled, and the matter is remitted to the Supreme
*114 Court, Rockland County, for further proceedings on the small claims assessment review petitions.