■ In the Matter of KATHY BARBERA, Respondent, v ASSESSOR OF THE TOWN OF PELHAM et al., Appellants. [717 NYS2d 366] —In a proceeding pursuant to CPLR article 78 to review a determination of a Judicial Hearing Officer, dated February 12,

1999, which denied the petitioner's application pursuant to Real Property Tax Law article 7 to reduce the tax assessment of the petitioner's real property, the Assessor and the Board of Assessment Review of the Town of Pelham appeal from a judgment of the Supreme Court, Westchester County (Barone, J.), entered October 29, 1999, which granted the petition, annulled the determination, and directed the Assessor of the Town of Pelham to reduce the assessment of the petitioner's property.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The Real Property Tax Law provides that hearings held pursuant to the Small Claims Assessment Review procedure are to be conducted on an informal basis, and it vests the Judicial Hearing Officer with the discretion to consider a wide variety of sources and information in evaluating tax assessments (see, RPTL 732 [2]; *Matter of McNamara v Board of Assessors,* 272 AD2d 617; *Matter of Sauer v Board of Assessors,* 194 AD2d 542). When the Judicial Hearing Officer's determination is contested, the court's role is limited to ascertaining whether that determination has a rational basis (see, *Matter of McNamara v Board of Assessors, supra*; *Matter of Meola v Assessor of Town of Colonie,* 207 AD2d 593). The appellants' proof of value, which included three comparable recent sales, provided a rational basis for the determination that a reduction in the petitioner's tax assessment was not warranted. S. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.