■ In the Matter of RECKSON OPERATING PARTNERSHIP, L.P., Appellant, v ASSESSOR OF TOWN OF GREENBURGH et al., Respondents. IRVINGTON UNION FREE SCHOOL DISTRICT, Intervenor-Respondent. [734 NYS2d 478] —In a proceeding pur-

suant to RPTL article 7 to review a real property tax assessment for the tax year 1998-1999, Reckson Operating Partnership, L.P., appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Nicolai, J.), entered August 24, 2000, which granted the motion of the Assessor of the Town of Greenburgh and the Town of Greenburgh for summary judgment, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The property valuation by a tax assessor is presumptively valid, and in challenging the assessment, a petitioner must come forward with substantial evidence to the contrary (*see, Matter of FMC Corp. v Unmack,* 92 NY2d 179, 187). In a tax assessment case, the substantial evidence standard requires "that petitioner demonstrate the existence of a valid and credible dispute regarding valuation" (*Matter of FMC Corp. v Unmack, supra,* at 188). It is well settled that "the purchase price set in the course of an arm's length transaction of recent vintage, if not explained away as abnormal in any fashion, is evidence of the 'highest rank' to determine the true value of the property at that time" (*Plaza Hotel Assocs. v Wellington Assocs.,* 37 NY2d 273, 277, quoting *Matter of Woolworth Co. v Tax Commn.,* 20 NY2d 561, 565). The Supreme Court properly granted the respondents' motion for summary judgment, since they established that the recent sale price of the property was the best evidence of value of the property in question (*see, Matter of FMC Corp. v Unmack, supra,* at 189). In opposition, the appellant failed to raise a triable issue of fact.

The appellant's remaining contention is without merit. Santucci, J. P., Goldstein, Florio and McGinity, JJ., concur.