■ In the Matter of JB PARK PLACE REALTY, LLC, Respondent, v VILLAGE OF BRONXVILLE et al., Appellants. [854 NYS2d 547]—In a proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment, the appeal is from an order of the Supreme Court, Westchester County (Dickerson, J.), entered November 8, 2006, which granted the petitioner's motion for summary judgment reducing the 2006 assessment value from the sum of $72,000 to the sum of $45,448.

Ordered that the order is affirmed, with costs.

The petitioner established its entitlement to summary judgment by showing that the recent sale price of the property was the best evidence of the value of the property (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 189 [1998]; Plaza Hotel Assoc. v Wellington Assoc., 37 NY2d 273, 277 [1975]; Matter of Reckson Operating Partnership v Assessor of Town of Greenburgh, 289 AD2d 248, 249 [2001]). In opposition, the appellants failed to raise a triable issue of fact. They also did not provide an evidentiary basis for their contention that discovery or the pre-trial procedures outlined in 22 NYCRR 202.59 may lead to relevant evidence sufficient to raise an issue of fact (see Panasuk v Viola Park Realty, LLC, 41 AD3d 804, 805 [2007]; Lambert v Bracco, 18 AD3d 619, 620 [2005]). Accordingly, the Supreme Court properly granted the petitioner's motion for summary judgment. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur. [See 13 Misc 3d 1233(A), 2006 NY Slip Op 52106(U).]