■ In the Matter of ELIOT LAUER, Petitioner, v BOARD OF ASSESSORS et al., Respondents. [857 NYS2d 724]—Proceeding pursuant to CPLR article 78 to review a determination of a hearing officer dated March 14, 2006, which denied the petitioner's small claims assessment review application pursuant to Real Property Tax Law article 7 to reduce the tax assessment of his real property.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Initially, we note that since this determination was not made after a quasi-judicial evidentiary hearing, it was improperly transferred to this Court on the issue of substantial evidence (see CPLR 7803 [4]; 7804 [g]; Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757-758 [1991]; cf. Matter of Halperin v City of New Rochelle, 24 AD3d 768, 769-770 [2005]). Nonetheless, we will decide the case on the merits in the interest of judicial economy (see Matter of 125 Bar Corp. v State Liq. Auth. of State of N.Y., 24 NY2d 174, 180 [1969]; Matter of Coleman v Town of Eastchester, 39 AD3d 855, 856 [2007]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772-773 [2005]; Matter of Country Glen Assoc. v Newburger, 305 AD2d 594, 595 [2003]).

The Real Property Tax Law provides that hearings held pursuant to the small claims assessment review procedure are to be conducted on an informal basis, and it vests the Judicial Hearing Officer with the discretion to consider a wide variety of

sources and information in evaluating tax assessments (*see* RPTL 732 [2]; *Matter of McNamara v Board of Assessors of Town of Smithtown,* 272 AD2d 617 [2000]; *Matter of Sauer v Board of Assessors,* 194 AD2d 542 [1993]). When the Judicial Hearing Officer's determinations are contested, the court is limited to ascertaining whether those determinations have a rational basis (*see Matter of Gershon v Nassau County Assessment Review Commn.,* 29 AD3d 909 [2006]; *Matter of Barbera v Assessor of Town of Pelham,* 278 AD2d 412, 413 [2000]; *Matter of McNamara v Board of Assessors of Town of Smithtown,* 272 AD2d 617 [2000]).

In the instant case, the hearing officer's determination that the petitioner failed to meet his burden of presenting credible and substantial evidence of excessive assessment had a rational basis (*see* RPTL 732 [2]; *Matter of Montgomery v Board of Assessment Review of Town of Union,* 30 AD3d 747, 749 [2006]). Furthermore, the respondent's proof of value, which included comparable recent sales, provided a rational basis for the determination that no reduction in the petitioner's tax assessment was warranted (*see Matter of Barbera v Assessor of Town of Pelham,* 278 AD2d at 413). Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.