■ In the Matter of CLIFF MEIROWITZ, Petitioner, v BOARD OF ASSESSORS et al., Respondents. [861 NYS2d 414]—

Proceeding pursuant to CPLR article 78 to review a determination of a hearing officer dated November 8, 2006, which, upon granting the petitioner's Small Claims Assessment Review application pursuant to Real Property Tax Law article 7 to reduce the tax assessment of his real property, awarded only a limited reduction.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Initially, we note that since this determination was not made after a quasi-judicial evidentiary hearing, it was improperly transferred to this Court on the issue of substantial evidence (*see* CPLR 7803 [4]; 7804 [g]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757-758 [1991]; *Matter of Lauer v Board of Assessors*, 51 AD3d 926 [2008]; *see generally Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769-770 [2005]). Nonetheless, we will decide the case on the merits in the interest of judicial economy (*see e.g. Matter of Coleman v Town of Eastchester*, 39 AD3d 855, 856 [2007]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 772-773).

The Real Property Tax Law provides that hearings held pursuant to the Small Claims Assessment Review procedure are to be conducted on an informal basis, and the hearing officer is vested with the discretion to consider a wide variety of sources and information, including comparable recent sales, in evaluating tax assessments (*see* RPTL 732 [2]; *Matter of Gershon v Nassau County Assessment Review Commn.*, 29 AD3d 909 [2006]; *Matter of Barbera v Assessor of Town of Pelham*, 278 AD2d 412, 413 [2000]). When the hearing officer's determination is contested, the court's role is limited to ascertaining whether there was a rational basis for that determination (*see Matter of Gershon v Nassau County Assessment Review Commn.*, 29 AD3d at 909; *Matter of Barbera v Assessor of Town of Pelham*, 278 AD2d at 413; *Matter of McNamara v Board of Assessors of Town of Smithtown*, 272 AD2d 617 [2000]). Contrary to the petitioner's contention, the hearing officer's determination that only a limited reduction of the tax assessment of his property was warranted based upon evidence of comparable recent sales is supported by a rational basis (*see Matter of Kishor Patel-Fredonia Motel v Town of Pomfret*, 252 AD2d 943 [1998]; *Gold-Mark 35 Assoc. v State of New York*, 210 AD2d 377, 378 [1994]).

The petitioner's remaining contentions are without merit. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.