■ In the Matter of SCOTT FERYO et al., Respondents, v BOARD OF ASSESSORS et al., Appellants. [882 NYS2d 496]—

In a proceeding pursuant to RPTL article 7 to review the assessments of the petitioners' real property for the tax years 2001/2002 through 2006/2007, and to retroactively reclassify the real property from class four commercial to class one residential for those tax years, the Board of Assessors and the Assessment Review Commission of the County of Nassau appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered November 5, 2007, as granted the petition to the extent of reducing the tax assessments for the years 2001/2002 through 2006/2007, based upon a change to the real property's classification pursuant to RPTL article 18, and directing that the assessment rolls be corrected and any tax overpayments be refunded.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioners sought, inter alia, to reclassify their real property under RPTL article 18 from class four commercial to class one residential for the tax years 2001/2002 through 2006/2007, and requested a corresponding reduction in their assessments for those tax years based on the reclassification. The Board of Assessors and the Assessment Review Commission of the County of Nassau (hereinafter together the County) initially assessed the real property based on commercial valuation methodology, even though the County concedes that the real property was residential. It thus consented to the petitioners' administrative application for reclassification, but refused to alter the annual assessments without first reassessing the market value of the property for the tax years in question using residential valuation methodology.

The petitioners established, prima facie, their entitlement to judgment as matter of law by demonstrating that the assessments for the tax years 2001/2002 through 2006/2007 were incorrect, as the assessments were not calculated at a "uniform percentage of value" with respect to other class one residential properties, as required by law, but were instead improperly based upon commercial valuation methodology (RPTL 305 [2];

*see* RPTL 1802; *Matter of Trustees of Sailors' Snug Harbor in City of N.Y. v Tax Commn. of City of N.Y.*, 26 NY2d 444, 450 [1970]; *Spiegel v Board of Assessors*, 161 AD2d 627, 628 [1990]). In opposition, the County failed to raise a triable issue of fact as to whether a reassessment of the property, using a residential valuation methodology such as a comparable sales approach for the tax years in question, would result in the calculation of a different market value for the real property (*see* RPTL 302 [1]; *Matter of JB Park Place Realty, LLC v Village of Bronxville*, 50 AD3d 689 [2008]). Accordingly, there were no triable issues of fact as to the proper value of the assessments for the tax years in question and, therefore, under the particular facts of this case, the Supreme Court properly granted the petition to the extent of reducing the tax assessments for the years 2001/2002 through 2006/2007, based upon a change to the real property's classification pursuant to RPTL article 18, and directing that the assessment rolls be corrected and any tax overpayment be refunded (*see Matter of Charlotte Granau Credit Shelter Trust v Board of Assessors*, 64 AD3d 649 [2009] [decided herewith]). Prudenti, P.J., Miller, Covello and Austin, JJ., concur.