■ In the Matter of BARBARA SASS, Petitioner, v TOWN OF BROOKHAVEN, Respondent. [900 NYS2d 383]—

Proceeding pursuant to CPLR article 78 to review a determination of a hearing officer dated September 9, 2007, which denied the petitioner's small claims assessment review applications pursuant to Real Property Tax Law article 7 to renew a real property tax disability exemption and to reduce the assessed value of her real property for tax years 2005/2006 and 2006/2007.

Adjudged that the petition is granted, on the law, to the extent of annulling so much of the determination as denied that branch of the petitioner's 2006/2007 small claims assessment Review application which was to reduce the tax assessment of her real property for tax year 2006/2007, the petition is otherwise denied, the proceeding is otherwise dismissed, without costs or disbursements, and the matter is remitted to the Small Claims Tax Assessment Hearing Officer for further proceedings consistent herewith.

Initially, we note that since the challenged determination was not made after a quasi-judicial evidentiary hearing, it was improperly transferred to this Court on the issue of substantial evidence (*see* CPLR 7803 [4]; 7804 [g]; *Matter of Meirowitz v Board of Assessors*, 53 AD3d 549 [2008]; *see generally Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]; *Matter of McNamara v Board of Assessors of Town of Smithtown*, 272 AD2d 617 [2000]). Nonetheless, we will decide this case on the merits in the interest of judicial economy (*see Matter of Meirowitz v Board of Assessors*, 53 AD3d 549 [2008]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2005]).

The petitioner is the owner of a home in the Town of Brookhaven. At issue are her claims that the tax assessments on that real property were excessive for tax years 2005/2006 and 2006/2007. After complying with the administrative review process, the petitioner filed small claims assessment review (hereinafter SCAR) applications, and hearings were held before a hearing of-

ficer. The petitioner alleged, in both the 2005/2006 and 2006/2007 SCAR applications, that the tax assessments on her property were excessive due to the improper denial of her applications for disability exemptions pursuant to RPTL 459-c. As an additional ground for the reduction of the tax assessment for tax year 2006/2007, the petitioner also asserted, in the 2006/2007 SCAR application, that the assessed value of her property was excessive for that tax year because it exceeded the true market value of the property. As an exhibit to that application, the petitioner attached a list of market values of comparable properties to establish what she believed to be the true value of her property.

At the hearings, the Town insisted that the petitioner's income statements were incomplete, and it requested documentation supporting her assertion that she received no rental income from any of the four residential properties that she admitted to owning. Rather than providing the documents showing that she had not, in fact, received rental income from the properties, but instead paid the maintenance and carrying costs for all the properties out of her own previously acquired funds, the petitioner provided a letter from her bank certifying only that she could afford to make such payments. The hearing officer determined that the Town's request was relevant and proper, within its range of discretion, and tailored to a single document. Since the petitioner willfully refused to produce the document, the hearing officer denied the applications for the disability exemptions for both tax years 2005/2006 and 2006/2007. The hearing officer also denied the petitioner's request for an assessment reduction for tax year 2006/2007 based on the alternative ground urged by the petitioner, stating that "she failed to submit information as to comparable sales." The petitioner then commenced this proceeding pursuant to CPLR article 78.

The Real Property Tax Law provides a scheme for fixing and reviewing tax assessments that involves both administrative and judicial review. A local assessor bears the initial responsibility to investigate and establish the proper tax roll and, once completed, the tax roll is presumed to be accurate and free of error (*see Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon*, 89 NY2d 735, 740-741 [1997]; *Matter of Grossman v Board of Trustees of Vil. of Geneseo*, 44 AD2d 259 [1974]). If the property owner is dissatisfied, RPTL article 5 provides for administrative review, followed by judicial review under RPTL article 7 (*see* RPTL 522-528, 729-738). "[H]earings held pursuant to the Small Claims Assessment Review procedure are to be conducted on an informal basis, and the hearing officer is vested

with the discretion to consider a wide variety of sources and information" (*Matter of Meirowitz v Board of Assessors*, 53 AD3d at 550; *see* RPTL 732 [2]; *Matter of Barbera v Assessor of Town of Pelham*, 278 AD2d 412 [2000]). When a hearing officer's determination is contested, the court's role is limited to ascertaining whether that determination has a rational basis (*see Matter of Meirowitz v Board of Assessors*, 53 AD3d at 550; *Matter of Gershon v Nassau County Assessment Review Commn.*, 29 AD3d 909 [2006]; *Matter of Barbera v Assessor of Town of Pelham*, 278 AD2d 412 [2000]), that is, whether it is not affected by an error of law or not arbitrary and capricious (*see* CPLR 7803 [3]).

Applying these principles to the matter at bar, the hearing officer's determination denying the petitioner's claim for a disability exemption was not affected by an error of law, and not arbitrary and capricious (*see Matter of Gershon v Nassau County Assessment Review Commn.*, 29 AD3d at 909; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 769-770). The Town is permitted to ask questions and examine records that are reasonably necessary to resolve all contested issues (*see Matter of Grossman v Board of Trustees of Vil. of Geneseo*, 44 AD2d at 263), and the request here was relevant, proper, and tailored to the matter in dispute (*see Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d 122, 125 [1985]). Since the petitioner willfully refused to present the requested documentation, the hearing officer's determination to deny her claims for the disability exemptions had a rational basis (*see* RPTL 525 [2]; *Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon*, 89 NY2d at 741; *Matter of Sterben v Board of Assessment Review of Town of Amherst, County of Erie, State of N.Y.*, 41 AD3d 1214 [2007]).

However, the determination to deny the petitioner's claim for an assessment reduction for tax year 2006/2007, on the ground that the assessment did not reflect the true market value of the property, lacked a rational basis, and was arbitrary and capricious. The petitioner submitted sales figures from six comparable properties tending to establish that the tax assessment appeared excessive or unequal within the meaning of RPTL 729 (2) or (4) (*cf. Matter of Gershon v Nassau County Assessment Review Commn.*, 29 AD3d at 909; *Matter of Meola v Assessor of Town of Colonie*, 207 AD2d 593 [1994]). The Town submitted no opposition, and the hearing officer, without any stated reason, ignored the comparable properties in reaching his conclusion (*cf. Matter of Barbera v Assessor of Town of Pelham*, 278 AD2d 412 [2000]). Accordingly, the petition must be granted to the extent of annulling so much of the determination as denied

that branch of the 2006/2007 SCAR application alleging that the tax assessment for tax year 2006/2007 is excessive on the ground that the assessed value exceeded the true market value, the matter must be remitted to the Small Claims Tax Assessment Hearing Officer for consideration of the comparable properties and a new determination of that branch of the 2006/2007 SCAR application thereafter (*see Matter of Montgomery v Board of Assessment Review of Town of Union*, 30 AD3d 747 [2006]). Skelos, J.P., Balkin, Belen and Roman, JJ., concur.