In a proceeding pursuant to CPLR article 78 to review five determinations of a Small Claims Tax Assessment hearing officer, each dated October 5, 2010, which denied the petitioners’ applications for small claims assessment review pursuant to Real Property Tax Law article 7, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Parga, J.), entered July 19, 2011, which granted the motion of the Board of Assessors and the Assessment Review Commission of the County of Nassau to dismiss the petition, and dismissed the proceeding, without prejudice to the commencement, by any petitioner, of a discrete proceeding pursuant to CPLR article 78 to review the determination referable to his or her parcel of real property.
Ordered that the order and judgment is reversed, on the law, with costs, the motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the petition on the merits.
The petitioners Chris Leone, Michael Bernstein and Roni Bernstein, Theresa Moser, Scott Fairgrieve and Linda Fairgrieve, and Peter Gruber each own a parcel of real property in Nassau County. On April 27, 2010, the petitioners filed separate small claims assessment review (hereinafter SCAR) petitions seeking review of the assessed value of their respective parcels of real property for tax year 2010-2011. More specifically, the petitioners claimed unequal and excessive assessment. Hearings on the five SCAR petitions were held on the same date and at the same *636 time before the same Small Claims Tax Assessment hearing officer on September 13, 2010. On October 4, 2010, the hearing officer rendered five separate, albeit virtually identical, written decisions on the five SCAR petitions, finding that none of the assessments should be reduced.
Thereafter, the petitioners collectively commenced the instant proceeding by filing a joint notice of petition and petition pursuant to CPLR article 78. In the CPLR article 78 petition, the petitioners asserted that, since the judicial relief that they sought arose from the same occurrence, “i.e. the hearings on the same date before the same officer,” and that the CPLR article 78 petition addressed a common question of law or fact, “i.e. whether the hearing officer’s five nearly identical decisions were arbitrary and capricious” in that each of the five decisions contained identical and erroneous conclusions on the issue of the proper assessment ratio, the joinder of the five CPLR article 78 causes of action within a single CPLR article 78 proceeding was proper. The Board of Assessors and the Assessment Review Commission of the County of Nassau (hereinafter together the respondents) moved to dismiss the CPLR article 78 petition, arguing, inter alia, that the petitioners were not permitted to join their five SCAR causes of action into a single CPLR article 78 proceeding.
Upon concluding that the joinder of the five SCAR causes of action within a single CPLR article 78 proceeding was improper, the Supreme Court granted the respondents’ motion and dismissed the CPLR article 78 petition without prejudice to the commencement, by any of the petitioners, of an individual proceeding for the same relief. The petitioners appeal.
SCAR proceedings were established by the legislature to provide an efficient, inexpensive, and simple alternative to the complex and formal tax certiorari proceeding (see Matter of Town of New Castle v Kaufmann, 72 NY2d 684 [1988]). The procedure to review these “small claims” is set forth in RPTL 730, which provides, in pertinent part, that no “petition for small claims assessment review shall relate to more than one parcel of real property” (RPTL 730 [5]). To the extent the Supreme Court based its determination on the limitations of RPTL 730 (5), such reliance was in error. While RPTL 730 (5) mandates the filing of separate SCAR petitions, it does not prohibit the joinder of separate causes of action for review of one or more SCAR determinations in a single CPLR article 78 proceeding.
Likewise, the Supreme Court erred in its determination that the CPLR article 78 petition filed in the instant proceeding did *637 not meet the requirements of CPLR 1002 (a). CPLR 1002 provides, in pertinent part, that persons “who assert any right to relief jointly . . . arising out of the same transaction, occurrence, or series of transactions or occurrences, may join in one action as plaintiffs if any common question of law or fact would arise” (CPLR 1002 [a]). The Court of Appeals has held that the joinder statute should be liberally construed (see Akely v Kinnicutt, 238 NY 466 [1924] [interpreting a similar predecessor statute, CPA 209]).
Here, the petitioners correctly allege that their joint CPLR article 78 petition satisfies the permissive joinder provisions of CPLR 1002 (a). The petitioners claimed in their joint CPLR article 78 petition that the five subject SCAR determinations identically and erroneously concluded that the petitioners could not properly challenge, in the context of a SCAR hearing, the 2010-2011 residential assessment ratio adopted by the New York State Office of Real Property Tax Services and, could not properly assert, in effect, that the hearing officer failed to consider the petitioners’ evidence on the proper ratio. The petitioners also contended that their CPLR article 78 causes of action all arose from the same failure of the hearing officer, in violation of RPTL 733 (4), to state the findings of fact and the evidence upon which his determinations on the excessive assessment claims were made, which rendered the propriety of the formats of the SCAR determinations at issue a common question of law or fact. Based on these identical alleged errors, the petitioners sought to vacate the five SCAR determinations, and have the SCAR petitions remitted to a Small Claims Tax Assessment hearing officer for de novo hearings on the merits of the SCAR petitions.
The common issues of law and fact identified by the petitioners were sufficient to warrant their employment of a joint CPLR article 78 petition (see CPLR 1002 [a]; 602 [a]; RPTL 710; Matter of Amatulli v Board of Assessors of County of Nassau, 78 AD2d 550 [1980]; Matter of Agosh v Town of Cicero Bd. of Assessment Review, 150 Misc 2d 756, 758 [1991]).
Accordingly, the Supreme Court should have denied the respondents’ motion to dismiss the CPLR article 78 petition and determined the CPLR article 78 petition on the merits. Eng, RJ., Skelos, Lott and Cohen, JJ., concur.