■ In the Matter of RICHARD WABNIK et al., Appellants, v BOARD OF ASSESSORS OF COUNTY OF NASSAU et al., Respondents. [43 NYS3d 486]—

In a proceeding pursuant to CPLR article 78 to review a determination of a hearing officer dated November 14, 2014, which denied the petitioners' small claims assessment review application pursuant to Real Property Tax Law article 7 to reduce the tax assessment on their property, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Brown, J.), entered July 22, 2015, which granted the motion of the Board of Assessors of the County of Nassau, the Board of Assessment Review of the County of Nassau, and the Nassau County Assessment Review Commission to dismiss the proceeding, and, in effect, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioners own a home in Bellmore, which sustained damage during Superstorm Sandy. Based upon a damages estimate they submitted, the petitioners received a 2013 proof of loss statement from the Department of Homeland Security Federal Emergency Management Agency (FEMA), which they successfully filed with the Nassau County Department of Assessment (hereinafter the County, and collectively with the other respondents, the County respondents), in connection with their attempt to secure Superstorm Sandy tax assessment relief. The petitioners subsequently received two 2014 damages estimates of more than twice the amount estimated by FEMA, which they also submitted to the County. The higher of those two estimates was used by the County in making its tax relief

assessment in place of the FEMA estimate. According to the petitioners, the amount of that estimate should have been added to the FEMA estimate. The petitioners filed a small claims assessment review (hereinafter SCAR) application pursuant to Real Property Tax Law article 7, which was denied in a determination dated November 14, 2014. They subsequently commenced this CPLR article 78 proceeding against the County respondents, challenging the SCAR determination. The County respondents moved to dismiss the CPLR article 78 proceeding. In the order and judgment appealed from, the Supreme Court granted the County respondents' motion and, in effect, denied the petition and dismissed the proceeding, concluding that the SCAR determination was not arbitrary and capricious. The petitioners appeal.

A SCAR proceeding is intended to afford a taxpayer a "speedy and inexpensive" alternative to a formal tax certiorari proceeding (*Matter of Yee v Town of Orangetown*, 76 AD3d 104, 108 [2010] [internal quotation marks omitted]). In relation to this informal proceeding, judicial review is limited to whether the hearing officer's determination had a rational basis, that is, whether the determination was affected by an error of law or was arbitrary and capricious (*see id.* at 109; *Matter of Sass v Town of Brookhaven*, 73 AD3d 785, 788 [2010]; *Matter of Meirowitz v Board of Assessors*, 53 AD3d 549, 550 [2008]).

Contrary to the petitioners' contention, the hearing officer's determination that it was appropriate for the County respondents to utilize the 2014 damages estimate in place of, rather than in addition to, the 2013 estimate submitted by the petitioners had a rational basis, and was not arbitrary and capricious. The petitioners' remaining contentions either are without merit or need not be reached in light of our determination. Therefore, the Supreme Court properly granted the County respondents' motion to dismiss the CPLR article 78 proceeding to review that determination. Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.