In the Matter of DAVID KLEIN et al., Appellants, v DEPARTMENT OF ASSESSMENT et al., Respondents. [53 NYS3d 91]—

In a proceeding pursuant to CPLR article 78 to review (1) a determination of a Hearing Officer dated June 27, 2014, denying the small claims assessment review application of the petitioner David Klein pursuant to Real Property Tax Law article 7, and (2) a determination of the same Hearing Officer, also dated June 27, 2014, granting the small claims assessment review application of the petitioner Shlomo Nahmias pursuant to Real Property Tax Law article 7 only to the extent of awarding a limited reduction of the tax assessment on that petitioner's real property, the petitioners appeal from an order

and judgment (one paper) of the Supreme Court, Nassau County (Marber, J.), dated March 27, 2015, which granted the respondents' motion pursuant to CPLR 3211 (a) and 7804 (f), in effect, to deny the joint petition and dismiss the proceeding, and denied the joint petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioners, David Klein and Shlomo Nahmias, each own a residential property in Nassau County. The petitioners filed grievances to reduce their respective property tax assessments for the tax year 2014/2015. When their grievances were denied, the petitioners each filed an application for small claims assessment review (hereinafter SCAR).

The petitioners' SCAR proceedings were held before a Hearing Officer. In support of their respective SCAR applications, the petitioners each submitted appraisal reports to establish the value of their respective properties through the analysis of comparable sales. In opposition to the SCAR applications, the Assessment Review Commission of the County of Nassau (hereinafter the County) submitted its own comparable sales analysis.

The Hearing Officer denied Klein's SCAR application, determining that the assessed value of Klein's property was not excessive. The Hearing Officer granted Nahmias' SCAR application to the extent of awarding a limited reduction of the assessed value of Nahmias' property.

The petitioners sought review of the Hearing Officer's determinations by commencing this CPLR article 78 proceeding with the filing of a joint petition. The respondents made a pre-answer motion pursuant to CPLR 3211 (a) and 7804 (f), in effect, to deny the joint petition and dismiss the proceeding. In the order and judgment appealed from, the Supreme Court granted the respondents' motion, denied the joint petition, and dismissed the proceeding. We affirm.

"The Real Property Tax Law provides that hearings held pursuant to the Small Claims Assessment Review procedure are to be conducted on an informal basis, and the hearing officer is vested with the discretion to consider a wide variety of sources and information, including comparable recent sales, in evaluating tax assessments" (*Matter of Meirowitz v Board of Assessors*, 53 AD3d 549, 550 [2008]; *see Matter of Sass v Town of Brookhaven*, 73 AD3d 785, 787-788 [2010]; *Matter of Lauer v Board of Assessors*, 51 AD3d 926, 927 [2008]; *Matter of Barbera v Assessor of Town of Pelham*, 278 AD2d 412, 413 [2000]). "The hearing officer shall consider the best evidence presented in each particular case" (RPTL 732 [2]), and the hearing officer is

required to "determine all questions of fact and law de novo" (RPTL 732 [4]). "The decision of the hearing officer shall state the findings of fact and the evidence upon which it is based" (RPTL 733 [4]).

"Once a homeowner opts to commence a SCAR proceeding, that property owner waives his or her right to commence a tax review proceeding in Supreme Court under RPTL article 7, title 1, and court review of a JHO's determination is limited to commencement of a proceeding pursuant to CPLR article 78" (*Matter of Yee v Town of Orangetown*, 76 AD3d 104, 109 [2010] [citation omitted]; *see* RPTL 736 [1], [2]). Accordingly, "[w]hen a hearing officer's determination is contested, the court's role is limited to ascertaining whether that determination has a rational basis, that is, whether it is not affected by an error of law or not arbitrary and capricious" (*Matter of Sass v Town of Brookhaven*, 73 AD3d at 788 [citations omitted]; *see Matter of Yee v Town of Orangetown*, 76 AD3d at 109; *Matter of Meirowitz v Board of Assessors*, 53 AD3d at 550; *Matter of Lauer v Board of Assessors*, 51 AD3d at 927; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]).

Here, the County's evidence of recent comparable sales provided a rational basis for the Hearing Officer's determination that a reduction in the assessed value of Klein's property was not warranted (*see Matter of Lauer v Board of Assessors*, 51 AD3d at 927; *Matter of Gershon v Nassau County Assessment Review Commn.*, 29 AD3d 909, 909 [2006]; *Matter of Barbera v Assessor of Town of Pelham*, 278 AD2d at 413; *Matter of McNamara v Board of Assessors of Town of Smithtown*, 272 AD2d 617, 617 [2000]). The County's evidence of recent comparable sales submitted in opposition to Nahmias' SCAR application similarly provided a rational basis for the Hearing Officer's determination that only a limited reduction of the tax assessment on Nahmias' property was warranted (*see Matter of Meirowitz v Board of Assessors*, 53 AD3d at 550; *see also Matter of Kishor Patel-Fredonia Motel v Town of Pomfret*, 252 AD2d 943 [1998]).

Contrary to the petitioners' contention, the Hearing Officer's determinations were not arbitrary and capricious on the ground that the Hearing Officer determined that the assessed values of the respective properties were not within the range of values advocated by the parties. There is no indication in the record that the County conceded that the values of the subject properties were less than the values determined pursuant to the orig-

inal assessment. Contrary to the petitioners' further contention, the Hearing Officer adequately stated the findings of fact and the evidence upon which her determinations were based (*see* RPTL 733 [4]; *cf. Matter of Sass v Town of Brookhaven*, 73 AD3d at 787-788). Accordingly, the Supreme Court properly granted the respondents' motion, in effect, to deny the joint petition and dismiss the proceeding, and denied the joint petition and dismissed the proceeding. Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.