Matter of DeSousa v Town of Babylon (2019 NY Slip Op 02341)





Matter of DeSousa v Town of Babylon


2019 NY Slip Op 02341


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-04990
 (Index No. 4348/16)

[*1]In the Matter of Diane DeSousa, et al., petitioners,
v
Town of Babylon, respondent.


Diane DeSousa, Amityville, NY, petitioner pro se, and Thomas DeSousa, Amityville, NY, petitioner pro se (one brief filed).



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of a hearing officer dated March 27, 2016, denying the petitioners' small claims assessment review application pursuant to Real Property Tax Law article 7 to reduce their property tax assessment for the tax year 2014/2015.
ADJUDGED that the petition is granted, on the law, with costs, the determination denying the petitioner's small claims assessment review complaint to reduce their property tax assessment for the tax year 2014/2015 is annulled, and the matter is remitted to the Small Claims Tax Assessment Hearing Officer for further proceedings consistent herewith.
As a threshold matter, since the challenged determination was not made after a quasi-judicial evidentiary hearing, this proceeding was improperly transferred to this Court on the issue of substantial evidence (see CPLR 7803[4]; 7804[g]; Matter of Sass v Town of Brookhaven, 73 AD3d 785, 786; Matter of Meirowitz v Board of Assessors, 53 AD3d 549, 550). Nonetheless, we will decide the matter on the merits in the interest of judicial economy (see Matter of Sass v Town of Brookhaven, 73 AD3d at 786; Matter of Meirowitz v Board of Assessors, 53 AD3d at 550; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772-773).
The petitioners are the owners of a single-family house located in the Town of Babylon. On May 3, 2015, the petitioners filed a complaint with the Board of Assessment Review (hereinafter the BAR) for the Town to reduce their property tax assessment for the tax year 2014-2015 on the ground that the assessed value exceeded the full value of the property within the meaning of RPTL 729(2)(a). After the complaint was denied, the petitioners filed a small claims assessment review (hereinafter SCAR) application, relying on evidence of comparable sales and listings of neighboring properties, as well as photographs of the flooding and damage to their property caused by Hurricane Sandy—all of which had previously been submitted to the BAR.
After a hearing, the hearing officer denied the petitioners' SCAR application, determining that the petitioners failed to sustain their burden of demonstrating that their property "was assessed at a higher percentage of full market value than the average of all other property on the assessment roll," as required under RPTL 729(4). The petitioners then commenced this proceeding pursuant to CPLR article 78 to review the hearing officer's determination.
" The [RPTL] provides that hearings held pursuant to the [SCAR] procedure are to be conducted on an informal basis, and the hearing officer is vested with the discretion to consider a wide variety of sources and information, including comparable recent sales, in evaluating tax [*2]assessments'" (Matter of Klein v Departmen of Assessment, 149 AD3d 935, 936, quoting Matter of Meirowitz v Board of Assessors, 53 AD3d at 550; see Matter of Sass v Town of Brookhaven, 73 AD3d at 787-788). The hearing officer is required to "determine all questions of fact and law de novo" (RPTL 732[4]), and "shall state the findings of fact and the evidence upon which it is based" (RPTL 733[4]). When a hearing officer's determination is contested, the court's role is limited to ascertaining whether that determination has a rational basis (see Matter of Meirowitz v Board of Assessors, 53 AD3d at 550; Matter of Gershon v Nassau County Assessment Review Commn., 29 AD3d 909, 909), that is, whether it is not affected by an error of law or not arbitrary and capricious (see CPLR 7803[3]).
Here, the petitioners sought a reduction of their property tax assessment for the tax year 2014/2015 on the sole ground that the assessed value of the property was excessive (see RPTL 729[2]). In denying the petitioners' SCAR application, the hearing officer failed to address this contention. Instead, the hearing officer mistakenly considered whether the petitioners demonstrated that their property was subject to an unequal assessment within the meaning of RPTL 729(4) (see e.g. Matter of Silverman v Town of Huntington, 160 AD3d 752, 752-753; Matter of Pace v Assessor of Town of Islip, 252 AD2d 88, 90), a theory that had not been raised in the petitioner's original application before the BAR.
Under these circumstances, the determination to deny the petitioners' SCAR application lacked a rational basis, and was arbitrary and capricious (see Matter of Sass v Town of Brookhaven, 73 AD3d at 788). Accordingly, we grant the petition, annul the challenged determination, and remit the matter to the Small Claims Tax Assessment Hearing Officer for consideration of the petitioners' excessive assessment claim under RPTL 729(2)(a) and a new determination thereafter in accordance with RPTL 733(4). Upon remittal, the hearing officer may, in the exercise of discretion, order a de novo hearing prior to determining the petitioners' excessive assessment claim.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court