Matter of Vlaun v Board of Assessment Review for the Town of Babylon (2023 NY Slip Op 04128)

Matter of Vlaun v Board of Assessment Review for the Town of Babylon

2023 NY Slip Op 04128

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-02885
 (Index No. 600773/21)

[*1]In the Matter of James C. Vlaun, appellant,
v
Board of Assessment Review for the Town of Babylon, et al., respondents.

Kramer Levin Naftalis & Frankel LLP, New York, NY (Mark A. Baghdassarian of counsel), for appellant.
Scott DeSimone, P.C., Peconic, NY, for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a hearing officer dated August 24, 2019, denying the petitioner's application for small claims assessment review pursuant to Real Property Tax Law article 7 to reduce his property tax assessment for the tax year 2019/2020, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated March 22, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner owned residential property located in the Town of Babylon. The petitioner filed a grievance to reduce the property tax assessment for the tax year 2019/2020. After the grievance was denied, the petitioner filed an application for small claims assessment review. A hearing officer denied the application, determining that the assessed value of the petitioner's property was not excessive. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the hearing officer's determination. The Supreme Court denied the petition and dismissed the proceeding. This appeal ensued.
"The Real Property Tax Law provides that hearings held pursuant to the Small Claims Assessment Review procedure are to be conducted on an informal basis, and the hearing officer is vested with the discretion to consider a wide variety of sources and information, including comparable recent sales, in evaluating tax assessments" (Matter of Klein v Department of Assessment, 149 AD3d 935, 936 [internal quotation marks omitted]). "When a hearing officer's determination is contested, the court's role is limited to ascertaining whether that determination has a rational basis, that is, whether it is not affected by an error of law or not arbitrary and capricious" (Matter of DeSousa v Town of Babylon, 170 AD3d 1172, 1173 [internal citations omitted]; see CPLR 7803[3]; Matter of Klein v Department of Assessment, 149 AD3d at 937). Here, the hearing officer's determination that the petitioner failed to meet his burden of presenting sufficient evidence of excessive assessment had a rational basis (see Matter of Lauer v Board of Assessors, 51 AD3d 926, 927; Matter of Gershon v Nassau County Assessment Review Commn., 29 AD3d 909).
The petitioner's remaining contention is without merit.
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court