Matter of Coden v Assessor of the Town of Huntington (2025 NY Slip Op 04989)

Matter of Coden v Assessor of the Town of Huntington

2025 NY Slip Op 04989

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-04809
 (Index No. 615510/20)

[*1]In the Matter of Jennifer L. Coden, appellant,
v
Assessor of the Town of Huntington, etc., et al., respondents.

Law Offices of Jennifer L. Coden, PLLC, Woodbury, NY (Jennifer L. Coden pro se of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Jennifer Hurley McGay and Robert J. Cimino of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 2019/2020 and 2020/2021, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (John J. Leo, J.), dated April 3, 2023. The order and judgment denied the petitioner's application to convert the proceeding into a proceeding pursuant to CPLR article 78, in effect, granted the respondents' motion pursuant to CPLR 3211(a) to dismiss the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner is the owner of a single-family residence located in the Town of Huntington. On October 19, 2020, the petitioner commenced this proceeding pursuant to Real Property Tax Law article 7 to review her property tax assessments for the tax years 2019/2020 and 2020/2021. The petition alleged, among other things, that the petitioner filed a complaint with the Board of Assessment Review for the Town (hereinafter the BAR) to reduce her property tax assessment for the tax year 2019/2020 on the ground of unlawful and selective assessment. After that complaint was denied, the petitioner filed a small claims assessment review (hereinafter SCAR) application for the tax year 2019/2020 on the ground that the assessment was unlawful, retaliatory, and in violation of RPTL 739. Following a hearing, the hearing officer denied the petitioner's SCAR application. The petitioner also filed a complaint with the BAR to reduce her property tax assessment for the tax year 2020/2021, which was denied. The petition further alleged that the petitioner's SCAR application for the tax year 2019/2020 should have been denied without prejudice to commencement of an RPTL article 7 proceeding because the hearing officer was without jurisdiction to determine the petitioner's claim.
The respondents moved pursuant to CPLR 3211(a) to dismiss the petition on the ground, among others, that the proceeding was untimely. In opposition, the petitioner asserted an equitable estoppel defense and requested that the Supreme Court convert this RPTL article 7 proceeding into a CPLR article 78 proceeding. In an order and judgment dated April 3, 2023, the court denied the petitioner's application to convert this proceeding into a proceeding pursuant to [*2]CPLR article 78, in effect, granted the respondents' motion, and dismissed the proceeding. The petitioner appeals.
Contrary to the petitioner's contention, the Supreme Court did not err in denying her application to convert this RPTL article 7 proceeding into a CPLR article 78 proceeding. "In general, the proper method for challenging excessive or unlawful real property tax assessments is by the commencement of a tax certiorari proceeding pursuant to RPTL article 7" (Joon Mgt. One Corp. v Town of Ramapo, 142 AD3d 587, 588; see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204; Matter of 9 Orchard Partners, LLC v New York City Dept. of Fin., 204 AD3d 527, 527-528). However, "'[o]nce a homeowner opts to commence a SCAR proceeding, that property owner waives his or her right to commence a tax review proceeding in the Supreme Court under RPTL article 7, title 1, and court review of a [hearing officer's] determination is limited to commencement of a proceeding pursuant to CPLR article 78'" (Matter of Klein v Department of Assessment, 149 AD3d 935, 937, quoting Matter of Yee v Town of Orangetown, 76 AD3d 104, 109; see RPTL 736[1]). "'[W]hen a hearing officer's determination is contested, the court's role is limited to ascertaining whether that determination has a rational basis, that is, whether it is not affected by an error of law or not arbitrary and capricious'" (Matter of Klein v Department of Assessment, 149 AD3d at 937, quoting Matter of Sass v Town of Brookhaven, 73 AD3d 785, 788; see CPLR 7803[3]).
Here, for the tax year 2019/2020, the petitioner's challenge is based upon her allegation that the respondents' assessment was unlawful, retaliatory, and in violation of RPTL 739. The petition did not assert that the hearing officer's determination of the petitioner's SCAR application lacked a rational basis, was affected by an error of law, or was arbitrary and capricious (see CPLR 7803[3]; Matter of Klein v Department of Assessment, 149 AD3d at 937; see also Joon Mgt. One Corp. v Town of Ramapo, 142 AD3d at 588). Moreover, for the tax year 2020/2021, the petitioner did not commence a SCAR proceeding, and an RPTL article 7 proceeding is therefore the exclusive avenue for judicial review of her challenge to the respondents' assessment (see Matter of 9 Orchard Partners, LLC v New York City Dept. of Fin., 204 AD3d at 527; Joon Mgt. One Corp. v Town of Ramapo, 142 AD3d at 588). Under these circumstances, the Supreme Court did not err in denying the petitioner's application to convert this RPTL article 7 proceeding into a CPLR article 78 proceeding.
The petitioner's remaining contention is without merit.
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court