Matter of Barringer v Town of Newburgh (2025 NY Slip Op 05680)

Matter of Barringer v Town of Newburgh

2025 NY Slip Op 05680

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2023-08015
 (Index No. 912/23)

[*1]In the Matter of Wayne Barringer, et al., appellants, 
v
Town of Newburgh, et al., respondents-respondents, et al., respondent.

Law Office of Rogendy Toussaint, Esq., PLLC, Huntington, NY, for appellants.
Hacker Murphy LLP, Schenectady, NY (Cathy L. Drobny and Patrick L. Seely, Jr., of counsel) for respondents-respondents Town of Newburgh, Assessor for the Town of Newburgh, and Board of Assessment Review for the Town of Newburgh.
Richard B. Golden, County Attorney, Goshen, NY (Matthew J. Nothnagle of counsel), for respondent-respondent County of Orange.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review (1) the determinations of a hearing officer dated October 7, 2022, and October 13, 2022, denying the respective small claims assessment review applications of the petitioners Sevgi Davud, Ahmad Hadid, Stephen Jackson, Katia Jasmin, Mitchell Kolker, Maurizio Lauria, Ross Lobiondo, Victor Mercado, Louise Nielsen, Jeffrey Palen, Afiya Rowlins, and Sean Webster pursuant to Real Property Tax Law article 7, and (2) the determinations of the same hearing officer dated October 7, 2022, and October 13, 2022, granting the respective small claims assessment review applications of the petitioners Wayne Barringer, Sadique Breary, Keimi Rojas, David Ruderfer, and David Russell pursuant to Real Property Tax Law article 7 only to the extent of awarding a limited reduction of the tax assessment on those petitioners' respective real properties, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Timothy P. McElduff, Jr., J.), dated June 16, 2023. The order and judgment granted the motion of the respondents Town of Newburgh, Assessor for the Town of Newburgh, and Board of Assessment Review for the Town of Newburgh pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with one bill of costs payable to the respondents Town of Newburgh, Assessor for the Town of Newburgh, and Board of Assessment Review for the Town of Newburgh and the respondent County of Orange appearing separately and filing separate briefs.
The petitioners each own a residential property in the Town of Newburgh. In July 2022, the petitioners each filed small claims assessment review (hereinafter SCAR) applications, alleging that their property tax assessments for the tax year 2022-2023 were excessive and unequal. The petitioners' SCAR applications applied both a residential assessment ratio (hereinafter the RAR) and a state equalization rate (hereinafter the SER) to calculate proposed values for a hearing officer [*2]to consider. Prior to the hearing, both the Town of Newburgh and the petitioners requested clarification regarding whether the hearing officer would be applying the SER or the RAR to make her determinations, and each submitted arguments and evidence in support of their respective positions. The petitioners contended the RAR was the appropriate rate, while the Town alleged that the appropriate rate was the SER.
On September 9, 2022, the hearing officer determined that she would apply the SER. Thereafter, the petitioners filed amended SCAR applications, in which they solely applied the RAR as the rate to calculate assessed values.
By various written decisions dated October 7, 2022, and October 13, 2022, the hearing officer denied the SCAR applications of Sevgi Davud, Ahmad Hadid, Stephen Jackson, Katia Jasmin, Mitchell Kolker, Maurizio Lauria, Ross Lobiondo, Victor Mercado, Louise Nielsen, Jeffrey Palen, Afiya Rowlins, and Sean Webster, and granted the SCAR applications of Wayne Barringer, Sadique Breary, Keimi Rojas, David Ruderfer, and David Russell to the extent of awarding a limited reduction of the tax assessment on their respective real properties.
In February 2023, the petitioners commenced this proceeding pursuant to CPLR article 78 to review the hearing officer's determinations dated October 7, 2022, and October 13, 2022, and to remand the SCAR applications before an alternate hearing officer for new determinations thereof. The Town, the Assessor for the Town, and the Board of Assessment Review for the Town (hereinafter collectively the Town respondents) moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. In an order and judgment dated June 16, 2023, the Supreme Court granted the Town respondents' motion and dismissed the proceeding. The petitioners appeal.
The Real Property Tax Law provides that SCAR hearings are to be conducted on an informal basis, and it vests the hearing officer with the discretion to consider a wide variety of sources and information in evaluating tax assessments (see RPTL 732[2]; Matter of Yee v Town of Orangetown, 76 AD3d 104, 108-109; Matter of McNamara v Board of Assessors of Town of Smithtown, 272 AD2d 617, 617). "The hearing officer shall consider the best evidence presented in each particular case," which evidence may include, inter alia, the equalization rate, the residential assessment ratio, and the assessment of comparable residential properties (RPTL 732[2]; see Matter of Klein v Department of Assessment, 149 AD3d 935, 936). "[T]he hearing officer is required to 'determine all questions of fact and law de novo'" (Matter of Klein v Department of Assessment, 149 AD3d at 936-937, quoting RPTL 732[4]). "The decision of the hearing officer shall state the findings of fact and the evidence upon which it is based" (RPTL 733[4]; see Matter of Klein v Department of Assessment, 149 AD3d at 937).
"'Once a homeowner opts to commence a SCAR proceeding, that property owner waives his or her right to commence a tax review proceeding in Supreme Court under RPTL article 7, title 1, and court review of a [hearing officer's] determination is limited to commencement of a proceeding pursuant to CPLR article 78'" (Matter of Klein v Department of Assessment, 149 AD3d at 937, quoting Matter of Yee v Town of Orangetown, 76 AD3d at 109; see RPTL 736[1], [2]). "Accordingly, [w]hen a hearing officer's determination is contested, the court's role is limited to ascertaining whether that determination has a rational basis, that is, whether it is not affected by an error of law or not arbitrary and capricious" (Matter of Klein v Department of Assessment, 149 AD3d at 937 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of Greenfield v Town of Babylon Dept. of Assessment, 76 AD3d 1071, 1074).
Here, contrary to the petitioners' contention, given the hearing officer's broad discretion in considering evidence (see RPTL 732[2]), her decision to apply the SER over the RAR had a rational basis and was not arbitrary and capricious or an error of law (see Matter of Klein v Department of Assessment, 149 AD3d at 937; Matter of Greenfield v Town of Babylon Dept. of Assessment, 76 AD3d at 1074-1075). For the same reason, the petitioners' contention that the hearing officer was compelled to apply the RAR is unavailing (see Matter of Meola v Assessor of Town of Colonie, 207 AD2d 593, 594). Moreover, the hearing officer adequately stated the findings of fact and evidence upon which her determinations were based (see Matter of Klein v Department [*3]of Assessment, 149 AD3d at 938).
The petitioners' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the Town respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition and dismissed the proceeding (see Matter of Klein v Department of Assessment, 149 AD3d at 938).
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court