Matter of Zhonghui Chen v Department of Assessment of the County of Nassau (2025 NY Slip Op 06066)

Matter of Zhonghui Chen v Department of Assessment of the County of Nassau

2025 NY Slip Op 06066

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-01964
 (Index No. 603652/22)

[*1]In the Matter of Zhonghui Chen, et al., respondents, 
v
Department of Assessment of the County of Nassau, appellant.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellant.
Maidenbaum & Sternberg, LLP, Cedearhurst, NY (Mark H. Miller and Jonathan A. Stein of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review determinations of hearing officers either denying the petitioners' applications pursuant to Real Property Tax Law article 7 for reduced tax assessments or granting such applications only to the extent of awarding limited reductions of the tax assessments, the Department of Assessment of the County of Nassau appeals from a judgment of the Supreme Court, Nassau County (Conrad D. Singer, J.), entered December 20, 2022. The judgment, insofar as appealed from, granted the petition insofar as asserted by the petitioners Zhonghui Chen and Shi Shi Wang, Ray Eng, Ernest Canadeo, Bradley Panetta and Barbaranne Panetta, Amanda Acerra, Jaclyn Vattel and Yury Vattel, Carl Stephen Ross and David Bruce Ross, Matthew Smithers and Michelle Smithers, Stephanie Magalhaes, Patricia McDonald, Timothy Eyring, Louis Lagalante and Christine Lagalante, Robert Frey and Patricia Frey, and Antonio Oliviero and Maria Oliviero, annulled the determinations with respect to those petitioners' applications, and remitted the matter to a different hearing officer for hearings and new determinations thereafter of those applications.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioners in this case severally own 16 single-family, owner-occupied properties located in Nassau County. In 2021, the petitioners challenged the assessment of the Department of Assessment of the County of Nassau (hereinafter the County) of their respective properties for the 2021/2022 tax year by filing small claims assessment review (hereinafter SCAR) applications pursuant to RPTL 730. In support of their SCAR applications, the petitioners submitted evidence of recent arms-length sales of their respective properties. In 16 separate determinations, hearing officers either denied the SCAR applications or granted them only to the extent of awarding limited reductions of the tax assessments.
The petitioners thereafter jointly commenced this proceeding pursuant to CPLR article 78 to review the 16 determinations. By judgment entered December 20, 2020, the Supreme Court granted the petition to the extent of annulling 14 determinations with respect to the applications of the petitioners Zhonghui Chen and Shi Shi Wang, Ray Eng, Ernest Canadeo, Bradley [*2]Panetta and Barbaranne Panetta, Amanda Acerra, Jaclyn Vattel and Yury Vattel, Carl Stephen Ross and David Bruce Ross, Matthew Smithers and Michelle Smithers, Stephanie Magalhaes, Patricia McDonald, Timothy Eyring, Louis Lagalante and Christine Lagalante, Robert Frey and Patricia Frey, and Antonio Oliviero and Maria Oliviero and remitted the matter to a different hearing officer for hearings and new determinations thereafter of those applications. The County appeals.
Initially, contrary to the County's contention, the Supreme Court properly decided the petition, rather than transferring it to this Court, since SCAR hearings are not quasi-judicial evidentiary hearings subject to transfer pursuant to CPLR 7804(g) (see id. § 7803[3]; Matter of DeSousa v Town of Babylon, 170 AD3d 1172, 1172; Matter of Meirowitz v Board of Assessors, 53 AD3d 549, 550).
In addition, the Supreme Court did not err in permitting the petitioners to jointly maintain this proceeding. CPLR 1002(a) provides, in pertinent part, that persons "who assert any right to relief jointly . . . arising out of the same transaction, occurrence, or series of transactions or occurrences, may join in one action as plaintiffs if any common question of law or fact would arise." "The Court of Appeals has held that the joinder statute should be liberally construed" (Matter of Leone v Board of Assessors, 100 AD3d 635, 637, citing Akely v Kinnicutt, 238 NY 466).
Here, the common questions of law and fact identified by the petitioners—i.e., the hearing officers' failures to base their respective determinations on the recent arms-length sales of the subject properties—were sufficient to warrant their employment of a joint petition (see id.).
Turning to the merits, when a hearing officer's determination is contested, the court's role is limited to ascertaining whether that determination was affected by an error of law or was arbitrary and capricious, i.e., lacking a rational basis (see CPLR 7803[3]; Matter of Vlaun v Board of Assessment Review for the Town of Babylon, 219 AD3d 492, 493).
In a SCAR proceeding, "the hearing officer is vested with the discretion to consider a wide variety of sources and information, including comparable recent sales, in evaluating tax assessments" (Matter of Klein v Department of Assessment, 149 AD3d 935, 936 [internal quotation marks omitted]; see Matter of Vlaun v Board of Assessment for the Town of Babylon, 219 AD3d at 492). However, RPTL 732(2) mandates that "[t]he hearing officer shall consider the best evidence presented in each particular case." "The best evidence of value, of course, is a recent sale of the subject property between a seller under no compulsion to sell and a buyer under no compulsion to buy" (Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356; see Matter of W.O.R.C. Realty Corp. v Board of Assessors, 100 AD3d 75, 89). While the comparable sales method of valuation "may generally be a valid one, it is merely a substitute for looking to an arm's length sale . . . to determine value" (Matter of Lost Lake Resort, Inc. v Board of Assessors for the Town of Forestburgh, 222 AD3d 1091, 1094; see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 189).
Here, while evidence of a recent arms-length sale of each of the properties was submitted to the hearing officers, none of the determinations, which were required to state the evidence upon which they were based (see RPTL 733[4]), made any reference to that evidence, referring instead to comparable sales. Accordingly, the determinations were affected by an error of law or were arbitrary and capricious in that they failed to consider the best evidence (see RPTL 732[2]; see generally Matter of JB Park Place Realty, LLC v Village of Bronxville, 50 AD3d 689).
We therefore affirm the judgment insofar as appealed from.
In light of our determination, we need not reach the petitioners' remaining contentions.
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court